## THOMPSON, Adm'r, v. CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, D. Minnesota.    January, 1883.)*

1. NEGLIGENCE—FELLOW-SERVANT—LIABILITY OF EMPLOYER.

    One who contracts to perform labor or render services for another, takes upon himself those risks and only such as are usually incident to the employment engaged in, and in the absence of statute the negligence of a fellow-servant is a risk assumed by the employe, and for which the employer is not liable.

2. SAME—EMPLOYE UNDER CONTROL OF ANOTHER.

    Where the employer places one employe under the control and direction of another, and the latter, in the exercise of the authority so conferred, orders the former into a place of unusual danger, and thus exposes him to extraordinary peril, of the existence and extent of which he is not advised, the employer is liable.

3. SAME—DANGER KNOWN TO EMPLOYER OR HIS AGENT.

    If the employer or his authorized agent leads the employe to expose himself to a danger not ordinarily incident to the employment, which is known to the former and unknown to the latter, whereby the latter is injured, an action lies against the employer to recover damages for the injury.

4. SAME—APPARENT OR KNOWN DANGER.

    If the danger is apparent, and is as well known to the employe as to the employer, the former takes the risk of it; but if the employer knew, or by the exercise of ordinary care might have known, that the employment was hazardous to a degree beyond what it fairly imports, he is bound to inform the latter of such fact.

5. SAME—CONTRIBUTORY NEGLIGENCE—RULE OF.

    The rule of contributory negligence applies to a case of this character, but with much less force than to a case where a servant is injured in the ordinary course of his employment, and not exposing himself to unusual dangers in obedience to the orders of his superiors.

6. SAME—OBEDIENCE TO ORDERS OF SUPERIOR.

    The servant may obey the order of his superior and perform his duty, unless the danger in doing so is so apparent that a man of ordinary prudence would refuse to undertake it, even under the orders of his employer.

7. SAME—KNOWLEDGE OF DANGER—A QUESTION OF FACT.

    It is a question of fact for the jury whether, under the circumstances of the case, the party injured knew, or in the exercise of ordinary care and prudence might have known, that the danger was extraordinary.

*C. K. Davis* and *Colburn & Bassett,* for plaintiff.

*Bigelow, Flandrau & Squires,* for defendant.

MCCRARY, C. J.    This case is before the court on demurrer to the amended complaint.    The action is to recover damages caused by the death of one Christian Olsen, who, according to the allegations of the amended complaint, was killed while in the employment of the defendant, acting under the orders of one Cavinaugh, who was the agent of the defendant, with authority to direct said Olsen in the performance of his duties.    It is alleged that said Cavinaugh, in the exer-

cise of authority conferred upon him by the defendant, ordered the said Olsen into a place of unusual and extraordinary danger, by directing him to excavate earth from an embankment, where, by reason of the fact that a portion of the earth of the embankment was mixed with sand and fine gravel, it was liable to cave off, and fall upon and injure and kill the said Olsen; also, that the dangerous condition of said embankment was known to said Cavinaugh, who was, and for a long time had been, accustomed to and acquainted with such work, and the excavation of earth from said embankment and other similar embankments, and who was fully advised by personal inspection of the character of said bank and the excavation thereof; and who, nevertheless, failed in any way to notify or make known to said Olson the existence of such danger, or to take any measures whatever to guard against such danger; that said Olsen was not acquainted with such work, or with excavating from or working in or about the said embankment or similar embankments, and did not know the effects of such excavating, and did not know the liability and danger of the earth of such embankments, and especially of this embankment, to cave off and fall down; and that he believed and had reason to believe said bank of earth where he was at work under the orders of said Cavinaugh, as agent of the defendant, was safe and secure, and that he was in no danger of being killed or injured in any way while so working at said place; that said Cavinaugh, well knowing the danger, etc., ordered said Olsen to engage in excavating said embankment, and while so engaged he was killed by the falling of the earth upon him.

It may be useful to restate concisely the rules of law by which this and other similar cases are to be determined:

(1) Whoever contracts to perform labor or render services for another thereby takes upon himself such risks, and only such, as are usually incident to the employment in which he is to engage.

(2) In the absence of statute, the general rule is that the negligence of a fellow-servant is one of the risks assumed by the employe and for which the employer is not liable.

(3) But this general rule has its exceptions, one of which is that where the employer places one employe under the control and direction of another, and the latter, in the exercise of the authority so conferred, orders the former into a place of unusual danger and thus exposes him to extraordinary perils, of the existence and extent of which he is not advised, the master is liable. This for the reason that, in giving such an order, the superior servant stands in the place of the employer.

(4) If the employer or his authorized agent leads the employe to expose himself to a danger not ordinarily incident to the employment, which is

known to the former and unknown to the latter, whereby the latter is injured, an action may be maintained to recover damages for such injury.

(5) If the danger is apparent, and is as well known to the employe as to the employer, the former takes the risk of it; but if the employer knew, or by the exercise of ordinary care might have known, that the employment was hazardous to a degree beyond that which it fairly imports, he is bound to inform the latter of such fact or put him in possession of such information.

(6) The rule respecting contributory negligence applies to a case of this character, but with much less force than to a case where the servant is injured in the ordinary course of his duties, and not while exposing himself to unusual dangers in obedience to the orders of his superior. As applied to cases such as this the rule is that the servant may obey the order of his superior and perform the duty, unless the danger in doing so is so apparent that a man of ordinary prudence would refuse to undertake it even under the orders of his superior.

Applying these rules to the present case, it is apparent that the amended complaint states a cause of action, unless it can be said that it shows affirmatively that Olsen, at and before the time he was killed, was fully informed of the peril to himself of the services in which he was engaged. The contrary is distinctly averred, and I do not think the court can say, as a matter of law, that in this respect the allegations of the amended complaint are necessarily untrue. It is a question of fact to be left to the jury, whether under all the circumstances the said Olsen knew, or in the exercise of ordinary care and prudence might have known, that the danger was extraordinary. It is averred that Olsen was inexperienced in the business, and was not aware of the peril; and it may be that, upon consideration of all the facts and circumstances, a jury would be at liberty to find that such was the fact. It is true that, ordinarily, every person of mature years and common intelligence is bound to take notice of the law of gravitation, and is presumed to be aware of the danger that earth in an embankment, when undermined, will cave in and fall. But the amended complaint avers that the particular embankment at which Olsen was employed was peculiarly and unusually dangerous by reason of the character of the earth; and that this peculiar and extraordinary danger was known to Cavinaugh, and was not communicated to Olsen. These allegations being admitted by the demurrer, I am of the opinion that a question is presented for the consideration of a jury, and that, therefore, the demurrer must be overruled; and it is so ordered.

The following authorities bear with more or less directness upon the questions presented by this demurrer. *Baxter* v. *Roberts*, 13 Amer. Law Reg. 41, and note; *Holden* v. *Fitchburg R. Co.* 37 Amer. Rep.

343; *L. S. Iron Co.* v. *Ericson,* 18 Amer. Law Reg. 28; *Miller* v. *U. P. R. Co.* 12 Fed. Rep. 600; *Dillon* v. *U. P. R. Co.* 3 Dill. 319; *Naylor* v. *Chicago & N. W. R. Co.* 53 Wis. 661; [S. C. 11 N. W. Rep. 24;] *Davis* v. *R. Co.* 20 Mich. 105, 127.