<hr/>

### HENRY A. LAMBERT vs. HENRY S. SANFORD.

Farifield Co., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE, LOOMIS and STODDARD, JS.

A complaint averred that the plaintiff at a time stated "made certain plans and specifications for three buildings and procured bids for the same at the request of the defendant, that the defendant promised to pay him two and a half per cent. on the estimated cost of the buildings, amounting to $250, and that he had never paid the same, though justly due to the plaintiff." Held, on demurrer, not to be defective, under our present practice, in not averring when or how the cost was to be estimated, nor what the estimated cost was, nor that any estimate had been made, nor when the defendant was to pay the plaintiff, nor that a demand for payment had been made on the plaintiff.

Where, in an action on an express contract, the defendant suffers a default and the case is heard in damages, the defendant cannot be allowed to show that the contract declared on was never made and that the real contract was a different one.

Where a party agrees to pay for certain plans and specifications for buildings a percentage on their "estimated cost," and there is nothing in the contract to determine the matter, the "estimated cost" will be taken to mean the reasonable cost of buildings erected in accordance with the plans and specifications.

[Argued October 25th—decided December 1st, 1887.]

ACTION to recover for preparing certain plans and specifications for buildings; brought to the Court of Common Pleas in Fairfield County, and heard before *Studley, J.*

The complaint was as follows :—

On October 2d, 1882, the plaintiff made certain sketches, plans, elevations and specifications for three buildings, and procured bids for the same, at the request and by direction of the defendant. The defendant promised to pay the plaintiff therefor two and a half per cent. upon the estimated cost of said buildings, amounting to two hundred and fifty dollars. The defendant has never paid the same, though justly due from him to the plaintiff. The plaintiff claims three hundred dollars damages.

The defendant demurred to the complaint on the ground that it did not aver when, by whom, or how the cost of the buildings was to be estimated, nor how much the estimated cost was, nor that any estimate had been made by any person, nor when the defendant was to pay the plaintiff, nor that any demand had been made on the defendant of the two and a half per cent. of any estimate of the cost of the buildings.

The court overruled the demurrer and held the complaint sufficient. The defendant then suffered a default, and the case was heard in damages. On this hearing the court found the following facts :—

In September, 1882, the plaintiff prepared, at the request of the defendant, certain preliminary sketches for a proposed block of three dwellings. The defendant received these sketches September 12th, and retained them till September 27th, when he directed the plaintiff to complete the work and prepare a full set of drawings and specifications. The plaintiff carried out these instructions and completed the full set October 7th, 1882, including separate specifications for the mason work, carpenter work and plumbing. The defendant directed the plaintiff to submit these specifications to responsible masons and carpenters, and procure bids from them for the erection of the block. The plaintiff carried out these instructions and procurred sundry bids from responsible masons and builders for different parts of the work. These bids were opened by the plaintiff in the presence of the defendant, by the latter's direction. Afterwards

the defendant decided not to build that season, and so informed the plaintiff, but did not accept nor reject the bids, nor claim that the same were unreasonable, nor direct other bids to be procured.

To the admission of these bids in evidence the defendant objected, on the ground that he had not accepted them, and that any estimate of the cost of the buildings must be one agreed upon by the plaintiff and himself. The court admitted the evidence.

The defendant offered his own testimony to show that the contract alleged in the complaint was not the contract which the parties made, but that the real contract was that the defendant agreed to pay two and a half per cent. upon the actual cost of the buildings when completed; that the defendant agreed to take the plans and specifications and pay therefor a reasonable sum in case he concluded not to build; and that the plaintiff never delivered the plans and specifications to the defendant, though the defendant requested him to do so; and he claimed this evidence to be admissible for the purpose of reducing the damages to a nominal sum. The court excluded the testimony as being shut out by the default.

The court found the estimated cost of the proposed buildings to be $8,800, and that the same was reasonable, and that the plaintiff was entitled to recover two and one half per cent. upon this sum with interest, amounting to $265.39, and rendered judgment for the plaintiff to recover that sum and costs. The defendant appealed.

*H. S. Sanford* and *C. S. Canfield*, for the appellant.

1. The complaint should have been held insufficient on the demurrer. It sets up and rests upon the bare statement that the defendant promised to pay the plaintiff $2\frac{1}{2}$ per cent. upon the estimated cost of the buildings, amounting to $250. Now there could be no estimate unless it was made by some person. The very term implies that some person or persons shall weigh and consider, and make known the result of their deliberation. This being manifest, it is equally appar-

ent that in stating his claim, which he says rests upon an estimate as the sole and only ground of it, the plaintiff should be bound to state also by what party or parties and in what way and manner the estimate was agreed to be made. And there is no allegation *when* the estimate was to be made. Consequently it does not appear that the estimate had been made before the suit was brought. Of course until it was made the defendant could not know how much he was to pay. Nor is there an allegation as to *how much* the estimated cost was. Nor indeed that any estimate was ever made. Nor as to the time when the defendant was to pay the plaintiff. There is thus nothing to show that the debt had become due when the suit was brought. Besides this, no demand is stated. 1 Rev. Swift's Dig., 712; Boone on Code Pl., §§ 13, 26, 135; *Dale* v. *Dean*, 16 Conn., 579.

2. The bids were wrongly received in evidence. To begin with, they were not estimates at all. No bidder pretended that his bid was a correct estimate of the cost of the work for which he bid, but merely that he would do a certain part of the work for so much. Of course the bid included his profit, how great or little that might be was left undisclosed. Besides no bid *estimated* the cost of the other parts of the job which it did not embrace. And no two bids, one for carpenter and one for mason work, were made in concert, so that one could be properly said to unite with the other. Again, and conclusively as it would seem, they were never accepted or in any wise agreed to by the defendant.

3. The court erred in rejecting the testimony of the defendant on the ground that it was shut out by the default. The action was for unliquidated damages. The amount due depended on estimated cost. The complaint so states in plain language. The plaintiff proceeded on this view, that the action sounded in unliquidated damages, for he introduced several bids in evidence on the hearing in damages. The court received these several bids, and proceeded to make an estimate for itself, to which it held the

defendant. Nobody else made any estimate for the entire cost. The judge therefore must have regarded the action as one for unliquidated damages. Under the settled law of this state the defendant by a default admits in such a case only nominal damages. *Sherwood* v. *Haight*, 26 Conn., 432; *Carey* v. *Day*, 36 id., 155; *Batchelder* v. *Bartholomew*, 44 id., 501, 510. In *Seddon* v. *Tutop*, 6 T. R., 607, cited and approved in *Dickinson* v. *Hayes*, 31 Conn., 423, it is declared that a default in assumpsit, (which this action is,) leaves open every allegation except the essential one that some debt is due. Judgment by default is interlocutory in assumpsit, where the subject of the action is damages. 2 Arch. Prac., 734; 1 Tidd's Prac., 508; 1 Rev. Swift's Dig., 813; *Webb* v. *Webb*, 16 Verm., 636.

*J. H. Whiting*, for the appellee.

STODDARD, J. The plaintiff's complaint states that he made plans and specifications for three houses, and procured bids for the same, at the request and by the direction of the defendant, at an agreed compensation of two and a half per cent. upon the estimated cost of the buildings. The plaintiff then alleges that that percentage amounts to $250.

This complaint sets out a special contract entered into at the request of the defendant and performed by the plaintiff. Under our present practice, which is free from technicalities, it is not defective by reason of the omissions stated in the demurrer.

After the demurrer was overruled it appears that the defendant answered over, alleging by way of defence that a contract had been entered into by the plaintiff and defendant materially different from that alleged in the complaint. Subsequently the defendant permitted a judgment by default to go against him, and moved for a hearing in damages. Upon such hearing in damages the defendant, for the purpose of reducing the damages, offered evidence to prove that the contract stated in the complaint had never been made, but that an entirely different contract existed between

the parties. The court excluded this evidence, and this ruling is assigned for error.

"It is generally held that on the assessment of damages, after a default, or on an equivalent state of the record, evidence denying the cause of action, or tending to show that no right of action exists, is inadmissible in mitigation of damages. * * * When an action is brought on a contract set out in the declaration, and there is a default, on the assessment of damages no evidence which goes to deny the existence of the contract or tends to avoid it is competent; the default admits it as set forth, and concludes the defendant from denying it." 1 Sutherland on Damages, 777.

In this state, in some actions of tort, notably in actions in which negligence is of the gist of the action, evidence in mitigation of damages, which evidence also tends to show the non-existence of some material element of the cause of action, is permitted. But this rule has never been extended to actions upon express contracts set forth in the complaint and we do not think it applicable to the case at bar.

Upon the construction of the contract stated in the complaint which is most favorable to the defendant, the only question left open after the default was the estimated cost of the buildings. This estimated cost we understand in this case to mean the reasonable cost of buildings erected in accordance with the plans and specifications referred to and not necessarily the amount of some actual estimate made by a builder, nor an estimate agreed upon by the parties, nor yet an estimate or bid accepted by the defendant. The court below heard evidence as to such estimated cost of buildings to be erected in accordance with the plans and specifications, and upon this issue the defendant was fully heard. We need not consider whether the contract, if the plaintiff had insisted on such construction, should not have been construed as fixing by agreement of the parties such estimated value, for such sum would be larger than the sum fixed by the court, and as all parties upon the trial proceeded upon the construction most favorable to the defendant, there is nothing in this particular of which the defendant can complain.

Certain estimates and bids made by builders, which the plaintiff had obtained for the defendant in pursuance of the contract, were offered in evidence, and were objected to; on the specific grounds, 1st, that the defendant had not accepted the bids, and 2d, that the " estimate " referred to in the contract " must be an estimate agreed upon by both plaintiff and defendant." In this view of the contract the defendant was in error, and neither objection was well taken. We need not consider whether the bids might not have been properly objected to on other grounds, for the defendant on this appeal must be confined to the particular questions raised and decided in the court below.

There is no error and a new trial is not granted.

In this opinion the other judges concurred.