## SUPERIOR COURT OF BALTIMORE CITY

Filed March 7, 1894.

Inquisition February 9, 1894.

SANTA CLARA MINING CO.
VS.
GEORGE HENRY WILLIAMS ET. AL.

*W. Geo. Weld* for plaintiff.

*Wm. H. Dawson* for defendants.

RITCHIE, J.—

Rulings of Judge Ritchie on the prayers.

The plaintiff in this case sues the defendants jointly to recover about $7,200 for money had and received, and an open account is filed with the declaration under affidavit. The defendants pleaded separately, but afterwards withdrew their pleas and suffered a judgment by default to go against them, and on their prayer a jury is now impaneled to "assess the damages." The plaintiff has proved that it is entitled to the sum sued for, but the defendants contend that the evidence shows there was only a separate liability for different parts of this sum, and no joint liability; that separate damages for different amounts cannot be assessed against them, and that the plaintiff, therefore, on the declaration filed, can recover nominal damages only. The question of the joint or separate liability of the defendants depends on the effect of the judgment by default.

Without going over the evidence, all of which was taken subject to exception, it may be assumed that the contention of the defendants is correct; that the evidence shows the receipt by one defendant of part of this money, and the receipt by the other defendant of the rest of it, and no joint receipt of any part of it, nor any joint relation between them. Upon this state of proof the question arises, what is the effect of a judgment by default? It is well settled that a judgment by default establishes the jurisdiction of the Court and its right to enter a final judgment. This is no longer open. Notwithstanding the fact that the constitution expressly limits the jurisdiction of this Court in actions ex contractu to cases where the debt exceeds the sum of $100, the Court of Appeals has decided in two or three cases, that an inquisition after default, in a suit for a debt, finding the damages at a sum less than $100 is good, and good because judgment by default conclusively establishes jurisdiction; any inquiry into that is absolutely precluded, and precluded even in the face of the language of the Constitution. See Poe's Practice, Sec. 372.

The next thing established by a default is that the plaintiff is entitled to recover; the amount may be open, but he is entitled to recover something. So far the judgment is as binding as any other—Green vs. Hamilton, 16 Md. 317. I need not allude in this case to whatever difference there may be between a default in a suit upon a promissory note, where the note is declared on and the sum is definitely ascertained by the instrument, and default in a suit on the common counts, because, in this

case, the amount sued for is just as definitely ascertained by the proof as if. the cause of action had been a note.

The plaintiff thus is entitled to recover something on this inquisition; that it is so entitled is conceded, but in view of the fact that the evidence shows a case only of separate and not of joint liability, the defendants claim that only nominal damages can be recovered. The question then is, can the defendants, after default, deny their liability?

The right of the plaintiff to recover, which is fixed by the default, is a right to recover on the cause of action set out; it of course could not be on any other. The right to recover must also involve the right to recover in the character or capacity in which the plaintiff has sued; and in the case of several plaintiffs it must involve the right to recover in the manner in which they have sued, that is to say, if they have declared jointly, they must be entitled to recover jointly, and the question of misjoinder of plaintiffs, not having been raised by plea or demurrer, cannot be open after default. That such is the law seems to be decided in Walsh's case, 53 Md. 543. If these questions were open on inquisition, the right to recover would not be finally established by the default. Such being the rights of the plaintiff established by the default, the liability of defendants must be correlative. Their liability must be fixed as the plaintiff's right to recover. They cannot, after default, dispute the cause of action. Davidson vs. Myers, 24 Md. 554; Kiersted vs. Rogers, 6 H. & J. 282; Foster vs. Smith, 10 Wend. 377; Hermann on Estoppel, Sec. 52, &c. If the cause of action be a note, the only thing open is the question of credits. Kiersted vs. Rogers. If it be a contract, they cannot show that the real contract was a different one. Lambert vs. Sanford, 55 Conn. 437. They cannot dispute any material allegation in the narr, nor can they introduce evidence in bar of recovery. Black, Sec. 91. They are bound in the character or capacity in which they have been sued. Black, Sec. 87; Unfried vs. Heberer, 63 Ind. 67. If they have been sued individu-

ally, they cannot show that the debt sued for was the debt of the corporation of which they are members. Lee vs. Knapp, 90 N. C. 171. It must also follow as a consequence of the default, and as involved in the rights and liabilities in other respects established, that if the defendants be sued jointly, they cannot deny their joint liability. If it were otherwise, then the right to recover is not fixed by the default, but may still be defeated. The right to recover against the defendants, which is fixed by the default, must mean the right to recover against them as sued. If the judgment by default precludes inquiry into the capacity or manner in which the plaintiffs have sued, I cannot see why it does not equally preclude inquiry into the capacity or manner in which the defendants have been sued. If it is too late after default to raise the question of misjoinder as to plaintiffs, it must be too late to raise it as to defendants. I do not think the defendants after default can be allowed to say that, while they are liable, they are not liable in the manner in which they have been sued; that they are liable, but are not liable on this declaration; that they would be liable on some other declaration than the one in the case, but that they are not liable under the declaration on which the default has gone against them, or in the suit in which the default has been entered. No case involving the precise question has been submitted, but I think the view expressed is further sustained by the case of Fox & Thorne, in 67 Md. 67. In that case Kinnier and Thorne were sued as alleged partners on a note signed "Kinnier & Co.;" the alleged partners pleaded separately; Kinnier admitted the indebtedness, and judgment went against him; Thorne denied the alleged partnership, and after the expiration of the limit of fifteen days provided by the Act of 1886, he asked leave to amend his plea so as to deny the partnership; but he was not allowed to do it. I appeared in the case in the Court of Appeals although I did not try it below. The lower Court was affirmed. The effort in that case was to deny the joint liability after the fifteen days; in this, it is to do the same thing after default; but

the Court would not allow Thorne to show that the cause of action was entirely an indebtedness of the other party, and that there was no partnership; he had failed to deny the joint liability in time and was not allowed to afterwards set it up.

That case seems to be analogous to this. If Thorne was not allowed by plea or proof to deny the joint liability after the fifteen days, I do not think these defendants can now deny their joint liability after having suffered judgment by default to go against them.

As the judgment by default makes them liable jointly for whatever the evidence may show that the plaintiff is entitled to recover, I will grant the prayers of the plaintiff and reject those of the defendants.