OLIVER LARICH vs. CHARLES P. MOIES, Town Treasurer of the Town of Lincoln.

The plaintiff was in the employ of the town, shovelling sand at a bank which left an overhanging crust. He saw it, and had also been warned against the danger from it. A co-laborer who went to knock it down was called back by the foreman, who said that after he had got one load he would throw down the bank. Before the load was completed the bank fell in, and the plaintiff was injured. In an action against the town for the injuries alleged to have been caused by the negligence of the foreman, the plaintiff was non-suited on the foregoing facts.

*Held*, that the non-suit was rightly ordered, because, 1, if the danger from the overhanging bank was an obvious one, the plaintiff voluntarily assumed an evident risk, and one incident to his employment; and, 2, if the danger was not obvious, there is nothing to show negligence on the part of the foreman, in either of which cases the plaintiff could not recover.

*Held*, further, that the plaintiff and the foreman were fellow servants, and the town would not be liable to one for an injury occasioned by the negligence of the other.

PLAINTIFF'S petition for a new trial.

Trespass on the case for personal injuries alleged to have been caused by the negligence of an employee of the town of Lincoln.

*March* 14, 1894.   STINESS, J.   In April, 1892, the plaintiff was in the employ of the town of Lincoln, shovelling sand at a bank which left an overhanging crust. The plaintiff saw it, one of his fellow laborers went to knock it down, and the foreman was told that it was dangerous; but he called back the laborer, saying: "There is no danger. You load up. I don't want the bank at present. I want the sand and must have it." He also said that after they had got one load of sand he would throw down the bank. The commissioner of highways had previously notified the men, including the plaintiff, to be careful about the danger from the bank. Before the load was completed the bank fell and the plaintiff was injured. Upon this state of facts shown at the trial the plaintiff was non-suited.

We think the non-suit was rightly ordered. The danger from the overhanging bank was open to the observation of all. If the danger was obvious, then the plaintiff voluntarily as-

sumed an evident risk, and a risk incident to his employment. If it was not obvious, there is nothing to show negligence. For aught that appears, the foreman simply erred in judgment, and this is all the more probable from the plaintiff's own statement that he had been in places where he would suppose there was ten times more danger than there was there that day. In either case the plaintiff would have no right to recover. This is clearly set forth in *Griffin* v. *Ohio and Mississippi Ry. Co.*, 124 Ind. 326. See also *Kenney* v. *Shaw*, 133 Mass. 501.

But if the direction of the foreman to go on digging be assumed to be negligence, under the circumstances, still it was the negligence of a fellow servant, for which the town would not be liable. The plaintiff was familiar with work in such places. The town was not shown to be negligent in its selection of servants or appliances. The manner of proceeding with the work was committed to a foreman or "boss," and this involved the exercise of such discretion and judgment only as belongs to a co-worker in a superior grade. No duty of a master was omitted or violated, but the negligence, if there was negligence, was purely that of a fellow servant, for which the plaintiff cannot recover against the principal. *Loughlin* v. *State of New York*, 105 N. Y. 159; *Flynn* v. *Salem*, 134 Mass. 351; *McDermott* v. *Boston*, 133 Mass. 349.

The plaintiff's petition for a new trial must be denied.

*Peter J. Quinn*, for plaintiff.

*Benjamin M. Bosworth*, for defendant.