WILLIAM J. ROSS *et al.*

*v.*

FRANCIS SHANLEY.

*Opinion filed April 17, 1900.*

1. MASTER AND SERVANT—*foreman represents master in taking precautions for servant's safety.* The master's foreman in ordering a servant to work in a particular place is charged with the duty of seeing that such place is reasonably safe, and the servant may rely upon the foreman's performance of that duty without making a careful and critical examination of the surroundings.

2. VARIANCE—*when question of variance is avoided by amendment.* Where the defendants' proof in an action by a servant for injuries differs from the plaintiff's proof as to who employed and paid the servant, the amendment of the declaration by the plaintiff to conform to the proof offered by the defendants avoids all question of variance upon that point.

3. LIMITATIONS—*when amended declaration is not barred by two year statute.* An amended declaration in an action of tort is not barred by the two year Statute of Limitations, where the same acts of negligence are charged as were set forth in the original declaration filed in time, the only difference being the omission from the amended declaration of the names of certain parties made defendants in the original declaration.

*Ross* v. *Shanley,* 86 Ill. App. 144, affirmed.

185 390
s86a 144

185 390
90a ¹356

185 390
92a ¹314
f92a ¹315

185 390
f93a ¹243

185 390
190 ¹141
94a ¹276
95a ¹496

185 390
102a ¹354

185 390
103a ¹139
103a ¹152

185 390
202 ¹150
104a ¹599

185 390
106a ¹ 36

185 390
208 ¹436
110a ¹601
110a ¹602
110a ¹678

185 390
210 ¹137
112a 238

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

Appellee recovered a judgment in the circuit court, against appellants, for $2000, which judgment was affirmed by the Appellate Court, and appellants now present the record to this court. .

The action was case. The declaration charged that appellants were engaged in constructing a tunnel for the city of Chicago under the lake, and that appellee was employed as a bricklayer therein; that appellants were negligent in failing to furnish him a safe place to work, and set him to work in a place in the tunnel where the clay was not sufficiently propped and where no careful or prudent method was adopted to prevent the clay from falling upon him while so at work; that the place was dangerous, and known to be so to appellants but not to appellee, and that by the exercise of ordinary care he could not have known the fact, and that while so at work a lump of clay fell upon him and caused the injury complained of. In another count the negligence charged was that appellants failed to warn him of the hidden and unseen dangers and hazards in and about said work.

The suit, as originally brought, made as defendants the city of Chicago and William J. Ross, John McRae and John Ross, partners, under the style of Ross, McRae & Ross. On the trial the appellee dismissed as to the city and McRae, and amended the declaration so as to charge the appellants, Ross & Ross, partners, etc., in the same terms as had been charged originally against Ross, McRae & Ross.

The appellants filed to this declaration a plea of not guilty and a plea of the Statute of Limitations—two years. The appellee demurred to the latter plea and the court sustained the demurrer, to which action of the

court appellants excepted, and the cause then proceeded to verdict and judgment. At the close of the plaintiff's case, and at the close of all the evidence, the appellants asked the court to instruct the jury to find them not guilty, but the court refused each of these requests and appellants excepted to each of the rulings.

WALL & ROSS, for appellants.

JOHN F. WATERS, for appellee.

Per CURIAM: In deciding this case, the Appellate Court delivered the following opinion:

"Appellants' counsel, in his brief, makes twenty-one different points on account of which he claims that the judgment should be reversed. We think they may all be summarized under four different headings, viz.: First, that the negligence charged was not proven; second, that the hazard was assumed by appellee; third, that there was a variance between the proof and the allegations of the amended declaration; and fourth, that the court erred in sustaining the demurrer to the plea of the Statute of Limitations to the amended declaration.

"As we have seen, there is a conflict in the evidence as to the usual manner of shoring the tunnel in which appellee was placed to work, in order to make it safe, and there was also a conflict as to the manner of the shoring, both as to the placing of the crutches and the nearness to which the planks used in shoring came to the face of the tunnel, and we are not prepared to hold, after a careful and critical reading of the evidence, that the jury were not justified in finding that the shoring did not extend sufficiently near to the face of the tunnel, and that the crutch nearest the face of the tunnel was not sufficiently near to the end of the planks, to make a reasonably safe place in which appellee could do his work. Appellee was ordered by appellants' foreman to work where he did at the time of the accident. Appellants'

foreman, in ordering appellee to work where he did, was charged with the duty of seeing that the place was reasonably safe. He represented appellants, and for them was bound to take reasonable precautions for the safety of appellants' employees. (*Illinois Steel Co.* v. *Schymanowski*, 162 Ill. 447; *Consolidated Coal Co.* v. *Haenni*, 146 id. 614; *Hess* v. *Rosenthal*, 160 id. 621; *Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 132 id. 161; *Cribben* v. *Callaghan*, 156 id. 549; *Hines Lumber Co.* v. *Ligas*, 172 id. 315; *Offutt* v. *World's Columbian Exposition*, 175 id. 472).

"But it is said that appellee assumed the risk of any dangers of his work, and, being an experienced man in tunnel work, was chargeable with knowledge of any defects in the shoring which existed; that he knew, or could have known by the exercise of ordinary care on his part, any such defects as well as appellants' foreman. This contention is not, in our opinion, tenable. Appellants' foreman was chargeable with a specific duty, to-wit, that of exercising reasonable care to see that the place where he sent appellee to work was reasonably safe, and appellee had the right to rely upon the performance of such duty by appellants' foreman before he gave the order for him to work where he did. Appellee was not required to make a critical and careful examination of his surroundings at the place where he was sent to work by the foreman. We think it was properly left to the jury to determine whether appellants' foreman exercised such reasonable and ordinary care to see that the place where he ordered appellee to work was reasonably safe before he sent him there to work, and also whether appellee knew, or should have known, the danger to which he was exposed. We cannot say the verdict is manifestly against the evidence. (*Schymanowski case, supra; Chicago and Eastern Illinois Railroad Co.* v. *Hines, supra; National Syrup Co.* v. *Carlson*, 155 Ill. 210; *Dallemand* v. *Saalfeldt*, 175 id. 310; *Chicago and Eastern Illinois Railroad Co.* v. *Knapp*, 176 id. 127; *McGregor* v. *Reid, Murdoch & Co.* 178 id. 464).

"We think the foregoing considerations sufficiently dispose of the first and second points.

"The third contention, that there is a variance between the allegation of the amended declaration and the proof, is not sustained by the record. It is true that the evidence on behalf of appellee shows that he was employed, worked for and was paid by the firm of Ross, McRae & Ross, and this conformed to the allegation of the original declaration. The evidence offered on behalf of the defendants showed quite conclusively that appellee was employed, paid by and worked for the appellants, Ross & Ross. When this proof was made, and while the case was being argued, appellee filed his amended declaration, the allegations of which conformed to the proof so made by the appellants. By thus amending, appellee avoided all question of variance, for the reason that the appellants' evidence supported the amended declaration in this regard.

"As to the fourth contention, that there was error in the ruling of the court in sustaining a demurrer to appellants' plea of the Statute of Limitations to the amended declaration, we are of the opinion it cannot be maintained. The amended declaration states the same cause of action as the original declaration, in all respects. The only difference between the two declarations is the omission of the names of the defendants McRae and the city of Chicago from the amended declaration, which names were included in the original declaration and are charged in it as joint tort feasors with the defendants Ross & Ross. It is elementary, and needs the citation of no authorities to establish the proposition, that in an action for a tort the plaintiff may sue any one or more of the joint tort feasors, and may have a judgment against any one or any number of the persons so sued who are shown to be guilty of the tort alleged. It seems clear, therefore, and beyond all controversy, that the amended declaration in this case did not state a new cause of action different

from the original, and that the ruling sustaining the de-
murrer to the plea of the Statute of Limitations was
correct.

"The judgment of the circuit court is affirmed."

We concur in the foregoing views, and in the conclu-
sion above announced.  Accordingly, the judgment of
the Appellate Court is affirmed.      *Judgment affirmed.*