## Rock Island Sash & Door Works v. Henry Pohlman.

1. MASTER AND SERVANT—*The Master is Charged with the Duty of Seeing that the Place Where He Sends His Servant to Work is Reasonably Safe.*—The master is charged with the duty of exercising reasonable and ordinary care to see that the place where the servant is ordered to work is reasonably safe, before he is sent there to perform his labor.

2. SAME—*Duties of the Servant.*—A servant is not required to make a critical and careful examination of his surroundings at the place where he is ordered to work.

3. REASONABLE CARE—*Exercise of, a Question of Fact.*—The question as to whether the foreman of a company employing men has exercised reasonable and ordinary care to see that the place where he sends his men to work is reasonably safe before sending them to work there, and also as to whether the men employed should have known of any dangers to which they were exposed, are questions of fact, and as such, are properly submitted to the jury for its determination.

4. INSTRUCTIONS—*Foremen of Incorporated Companies— Scope of Their Authority.*—In an action for personal injuries, an instruction which tells the jury that where a corporation delegates to one of its servants the control and direction of other servants in and about the work they are ordinarily required to do, such servant must be considered as the representative of the corporation within the scope of the authority so delegated to him, is proper.

5. SAME—*Where a Party is Estopped to Complain.*—A party litigant is not in a position to complain of an instruction given on behalf of

his adversary, where one embodying substantially the same principle has been given to the jury at his own request.

6. DAMAGES—*Where $4,000 is Not Excessive.*—A young man about twenty-one years of age, employed in a sash and door factory, was injured while engaged at his work, and as a result, he lost a portion of each of the fingers of his left hand. He was under the care of a doctor five or six weeks and suffered pains from his wounds for two or three months. It was five months before he went to work again, and then only as a night watchman. He was dependent upon his manual labor for his support and his earning capacity was greatly lessened throughout the remainder of his life. Under such circumstances a verdict and judgment for $4,000 is not so excessive as to warrant the reversal of the case.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

SWEENEY & WALKER, attorneys for appellant.

SEARLE & MARSHALL, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant to recover damages for injuries sustained by him while at work in the mill of the latter on September 25, 1899. Appellant was engaged in the business of sawing and manufacturing lumber in the city of Rock Island. Appellee at the time of said injury was employed in the work of directing the course of sawed lumber after it came from a band saw, along what was known as a "carriage," which was operated by rollers, to a gate or stop located about sixty feet south of the saw. The slabs and rotten boards were permitted to go through the gate, which was raised for that purpose by means of a rope attached to a lever, and the good lumber was directed from the carriage, partially by force of contact with the gate or stop, which stood in a slanting direction across the carriage, and partially by the operator, who in this instance was the appellee, onto chains which carried it to another part of the building. To do his work appellee stood in a space about ten feet square within ready reach of the lever used in raising the gate, holding in his hand a

hook some eighteen inches long with which he managed the lumber. There was also in this space a treadle which he worked with his foot to set in motion the chains which carried away the good lumber. Some of the lumber going over the carriage was in the shape of slabs, upon which there was bark. This bark, which was wet and slippery, frequently became detached and fell in the space where appellee stood.

To the main shaft operating the rollers which caused the lumber to move along the carriage, was attached a cog wheel which had at one time been covered by a board. This board had, however, been pressed down upon the wheel by the weight of the lumber as it was carried along until a hole was worn through it. The top of the wheel was even with, or very slightly above, the top of the board. Appellee went to work on the day in question at about 6:30 A. M. and was injured about 1:30 P. M. He had worked in the mill before but never in this place. While engaged in his work, which required his constant attention, he stepped upon a wet piece of bark and slipped; to save himself he threw out his left hand, which came down upon the cog wheel and was severely injured. An appropriate declaration was filed alleging negligence on the part of appellant and due care on the part of appellee, to which the general issue was pleaded. There was a verdict and judgment in favor of appellee for $4,000.

Appellant insists that the injury was caused by the negligence of appellee, for the reason that if the place where he was at work became unsafe on account of the wet bark, the condition was caused by his act; also that it was the result of . a pure accident for which it was not liable; that the exposed condition of the cog wheel was a danger which was obvious to appellee and was one of the ordinary hazards and risks of his employment which he assumed when he undertook the work to be done at the place where the injury occurred.

We think it fully appears from the weight of the proof that the appellee was at all times in the exercise of ordinary

care for his own safety. He was directing his attention to the business at hand, which was constantly pressing, and the fact that bark fell off the carriage was due to the operation of the machine and not to any fault of his. He testified that he did not know that the cog wheel which injured him was uncovered.

Appellee was set at work by the foreman at a place which the evidence shows to have been surrounded with danger, without any notification thereof. The following language used in the case of Ross v. Shanley, 185 Ill. 390, is peculiarly applicable here:

"Appellants' foreman, in ordering appellee to work where he did, was charged with the duty of seeing that the place was reasonably safe. He represented appellants, and for them was bound to take reasonable precautions for the safety of appellants' employes. * * * Appellee was not required to make a critical and careful examination of his surroundings at the place where he was sent to work by the foreman. We think it was properly left to the jury to determine whether appellants' foreman exercised such reasonable and ordinary care to see that the place where he ordered appellee to work was reasonably safe before he sent him there to work and also whether appellee knew or should have known the danger to which he was exposed."

We do not think it appears from the evidence in this case that appellant used ordinary care to provide appellee with a reasonably safe place within which to work. Appellant's agents in charge knew of the existence of the cog wheel in question and at one time had covered it so that it could do no injury. It had, however, been permitted to go through the board again so that it became .dangerous, and no attempt was made by appellant to re-cover it.

The fact that the place where appellee was directed to work was made dangerous by the slippery bark which fell into it, was either known to, or could readily have been ascertained by those in charge of the mill. The jury was, therefore, fully warranted in finding the facts as they did, in favor of appellee.

Appellant complains of instructions No. 5 and 8, given

by the court for appellee. The former told the jury that where a corporation delegates to one of its servants the control and direction of other servants in and about the work they are ordinarily required to do, he must be considered the representative of the master within the scope of the authority so delegated to him. This instruction was entirely proper under the declaration and evidence in this case. The latter of the two instructions defined due care, reasonable care and ordinary care as used in said instruction, in reference to the question whether the appellee was using such care at the time he was injured, and states the principle of law correctly. An instruction embodying substantially the same definition of said terms was also given to the jury at the request of the appellant, so it was in no position to complain even if the definition had been incorrect. Consolidated Coal Co. v. Haenni, 146 Ill. 614; Ochs v. People, 124 Ill. 399.

The court properly modified certain instructions offered on behalf of appellant and refused others. The refused instructions which were not covered by those given, failed to state correct principles of law, and in some cases assumed facts to be proved which were contested, and stated as propositions of law things which were really questions of fact for the jury. Appellant also insists that the verdict in this case was excessive. Appellee lost a portion of each of the four fingers of his left hand. He was under the care of a doctor for five or six weeks and suffered pains from his wounds for two or three months. He testified that it was five months before he went to work again and that he then worked as a night watchman; that he has not worked much since he was injured and the stubs of his fingers are tender and sore. He lacked a few days of being twenty-one years of age at the time of the injury and as he depends upon manual labor for his support his earning capacity will be greatly lessened throughout the remainder of his life. Under such circumstances, although the verdict may appear to be large, we can not say it was so excessive as to warrant the reversal of the case. The judgment of the court below is accordingly affirmed.