[No. 4813.   Decided April 4, 1904.]

PETER JANCKO, *Appellant,* v. WEST COAST MANUFACTUR-ING AND INVESTMENT COMPANY, *Respondent.*[1]

MASTER AND SERVANT — NEGLIGENCE — DANGERS FROM VIBRA-TION OF SAW — DUTY TO WARN INEXPERIENCED EMPLOYEE.   A master who employs a wholly inexperienced man to work in a shingle mill, and to remove slabs lodged near a saw, owes a greater duty to warn him of the danger of striking the saw and causing it to vibrate, than would be the case if the servant were experienced.

SAME—ASSUMPTION OF RISK.   It cannot be said as a matter of law that a wholly inexperienced servant assumes the risks from the vibration of a saw, when he testifies that he did not know it would vibrate and one expert testified that there was nothing to indicate that it would.

SAME—INJURY TO INEXPERIENCED SERVANT IN REMOVING SLABS FROM SAW—DEFECTIVE APPLIANCES—LIGHT—FAILURE TO WARN—CONTRIBUTORY NEGLIGENCE — KNOWLEDGE OF VIBRATION OF SAW—EVIDENCE—SUFFICIENCY—QUESTION FOR· JURY.   It is a question for the jury as to whether the master was negligent in failing to give warning of the dangers, and in failing to provide suffi-cient light, whether the appliances were defective, and whether the plaintiff was guilty of contributory negligence, where it ap-pears that he was set to work upon a knee-bolter and instructed to remove slabs that became lodged near the saw by inserting his hand into a six inch space beside the saw and through an opening twenty inches wide, that the space to be safe should have been thirty-six inches wide, that striking the saw with a slab in removing it would cause the saw to vibrate from side to side three or four inches, and three of plaintiff's fingers

[1]Reported in 76 Pac. 78.

were cut off by such vibration of the saw in an attempt to re-move a slab in the manner that had been illustrated to him by the operator, whose directions the foreman had instructed him to follow, that the place was dark and an electric light over the saw was not lighted, and that the plaintiff did not know that the saw would vibrate, and was wholly without experience, to the defendant's knowledge, and received no warning of any dangers in the operation.

SAME — SERVANT OBEYING ORDERS.    Where a servant obeys orders to do a certain work, he has the right to rely upon the superior knowledge and skill of the master and to assume that he will not be exposed to unnecessary dangers.

Appeal from a judgment of the superior court for King county, Bell, J., entered July 9, 1903, dismissing an action for personal injuries sustained in attempting to remove slabs lodged near a saw, after withdrawing the case from the jury at the close of plaintiff's testimony.    Reversed.

*George F. Aust,* for appellant.

*Piles, Donworth & Howe,* for respondent.

HADLEY, J.—This is an action to recover for personal injuries received in a shingle mill.    At the trial the court granted a challenge to the evidence, interposed by the de-fendant at the close of plaintiff's testimony.    The cause was withdrawn from the jury, motion for new trial was denied, and judgment was entered dismissing the action. The plaintiff has appealed.

There was evidence before the jury to the following effect:    That appellant went to respondent's mill early in the morning and asked the foreman for work, but the latter asked him if he had ever before worked in a shin-gle mill, to which he answered that he had not; that the foreman then went with appellant to the knee-bolter, showed him how to put blocks in the conveyor, and then went away; that, as the foreman was leaving, appellant

called to him as follows: "I don't know what kind of job I got—I don't know what kind of job I get here;" that the foreman replied as follows: "That fellow show you;" and at the same time pointed to the operator of the knee-bolter; that the foreman gave him no other instructions, and he worked assisting the operator of the knee-bolter during that day, and on the following day the latter called his attention to the fact that a slab, in falling down beside the saw to the conveyor, had become lodged in the upper part of the conveyor, and immediately beneath the saw; that the operator told appellant to take the slab out, and that he was about to attempt to do so by using a stick to move it away from the saw, when the operator said to him, "Hold on," and came and took the slab out, at the same time saying, "I show you the first and last time;" that in removing the slab the operator put his hand and arm down beside the running saw, through the opening in the frame of the bolter, there being a space of five or six inches between the saw and the frame; that appellant saw no other lodged slab at that time, but later—the same day—he saw several similarly lodged, and then put his hand down through the opening beside the saw, and attempted to remove the slabs as he had seen the operator do; that, as he lifted the slabs, the saw caught them and was thereby caused to vibrate toward his hand and strike it, cutting off three fingers; that the place was dark, and the day cloudy; that an electric lamp hung above the saw, but was not lighted; that the slabs were sixteen inches in length, and the opening into the conveyor below the saw was twenty inches wide. A witness, introduced as an expert, testified that in order to be safe the opening into the conveyor should have been not less than thirty-six inches wide. He also

testified that a saw of the size of this one—fifty-four inches—will, when struck by some obstruction at the bottom, vibrate from side to side from three to four inches. Other expert witnesses testified similarly as to the vibration of the saw, and one other stated that there is nothing in the rotary motion to indicate that the saw will vibrate.

Respondent contends that no negligence on its part was shown, that appellant's injury resulted from his contributory negligence, and that the place where he put his hand was obviously dangerous. It will be remembered, however, that appellant was without experience in working about such machinery. He so informed the foreman before he began to work. With that knowledge, the foreman, as the master's representative, ordered him to work at the knee-bolter, and instructed him to follow the directions of the operator thereof. The latter therefore became the master's delegate in the matter of instructions as to appellant's work. Appellant was instructed by the operator to remove the slabs as he saw him do it. He saw the operator do it successfully, and with no harmful result. He attempted to do it in the same way, but failed, probably from lack of equal skill and experience. He testified that he did not know that the saw would vibrate in the manner in which it did. Being without such knowledge, either from former experience or by warning from respondent, we think it should not be said, as a matter of law, that he should have known of the danger, especially in view of the fact that he had seen a slab removed by the master's representative, who placed his hand at the same place, and who instructed him to do likewise.

Appellant was not employed as one having skill or experience for the work in hand, but as one who expressly

avowed that he was without such qualifications. The master, in accepting his services under such known circumstances, therefore owed him the duty to more fully instruct and warn him than would have been necessary in the case of one representing himself to be skilled and experienced, and who was employed as such. It was for the jury, and not for the court, to say whether respondent was negligent in failing to give appellant more specific instructions, and to warn him as to the danger from the vibration of the saw, if it should strike a slab or piece of timber, as it did. It was also for the jury to say whether, under the testimony, the device furnished by respondent was defective for the purpose, and also whether there was negligence in failing to provide sufficient light.

It has been so often held by this court that the question of contributory negligence is ordinarily for the jury that it seems unnecessary to cite the cases upon that subject. The only exception to the rule is that the facts must be such as show want of care to that degree which leaves no room, in the minds of reasonable men, for difference of opinion. We do not view the testimony submitted by appellant as presenting such facts. They are just such as may cause reasonable men to hesitate to say that appellant negligently contributed to his injury. In such a case, the facts are to be submitted to the twelve men who constitute a department of the court established by law for that purpose. In *Christianson v. Pacific Bridge Co.*, 27 Wash. 582, 68 Pac. 191, the court discussed the relative positions of master and servant, as relating to the right of the servant to rely upon the master's directions as to where the former shall work. It was there shown, by the cases cited and discussed, that the two

do not stand upon equal footing, even when they both have knowledge of the danger; that the position of the servant is one of subordination and obedience to the master, and that when the master orders the servant to perform certain work, the latter has a right to rely upon the superior knowledge and skill of the former, and to assume that the master, with such superior knowledge, will not expose him to unnecessary peril; and, though the servant has some knowledge of the danger, his right of recovery will not be defeated if, in obeying the order, he acts with the degree of prudence which an ordinarily prudent man would exercise under the circumstances. In view of the authorities discussed in that case, it was for the jury to say here whether the appellant acted the part of such prudent person, under all the circumstances. We therefore think the court erred in not requiring respondent to submit its evidence to the jury, and in granting the challenge to appellant's evidence.

The judgment is reversed, and the cause remanded with instructions to the lower court to grant a new trial.

FULLERTON, C. J., and ANDERS and DUNBAR, JJ., concur.