FREDERICK P. REED, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Where a person has sustained damages from a personal injury, caused by municipal negligence, an estimate of the amount of damages is not an essential part of the claim required to be presented to the comptroller of the city of New York (§ 105, chap. 335, Laws of 1873), and in an action to recover such damages, plaintiff is not limited to the amount specified in the claim.

Where, in such an action, the complaint states the damages at the amount specified in the claim, the court has the power to amend the complaint so as to demand judgment for a larger amount.

Where the General Term reversed such an order on the sole ground that the amendment was beyond the power of the court, *held*, that this court had power to review ; and the case was remitted to the General Term to exercise its discretion in reviewing the order.

(Argued June 3, 1884 ; decided October 7, 1884.)

THIS was an appeal from an order of General Term reversing an order of Special Term, which directed an amendment of a complaint in an action to recover damages for a personal injury alleged to have been caused by defendant's negligence. The amendment was an increase in the amount claimed as damages.

The mem. of opinion is as follows:

" A majority of the judges are of opinion that the claim in this case being for unliquidated damages for a personal injury, and a statement of facts constituting the claim having been duly filed with the comptroller, the provision of the charter (Laws of 1873, chap. 335, § 105), was sufficiently complied with to entitle the plaintiff to bring this action, and that he is not restricted in his recovery to the estimated amount of damages stated in the claim so filed; that in such a case the estimate of the amount of damages is not an essential part of the claim required to be presented to the comptroller, and consequently the order allowing an amendment of the complaint so as to demand judgment for a larger amount of damages than that stated in the claim filed, was not beyond the power of the court below.

" The order of the General Term, being by its express terms based solely upon the ground that the amendment was beyond the power of the court, that order should be reversed, and the case remitted to the General Term to exercise its discretion in reviewing the order of the Special Term."

*Charles P. Miller* for appellant.

*D. J. Dean* for respondent.

*Per Curiam* opinion for reversal, etc.
All concur.
Ordered accordingly.