[No. 2094.  Decided February 3, 1897.]

BELLE H. SMITH, *Respondent*, ·v. CITY OF SPOKANE, *Appellant.*

ICY SIDEWALKS—NEGLIGENCE OF CITY—LIABILITY FOR INJURIES — CONTRIBUTORY NEGLIGENCE — PHYSICAL EXAMINATION OF FEMALE PLAINTIFF — EXCESSIVE DAMAGES.

Where an accumulation of snow and ice upon a sidewalk becomes rough, uneven and rounded up to such an extent that it is dangerous for persons passing over it, it constitutes an obstruction to travel which it is the duty of the city to remove, and anyone injured thereby, while in the exercise of ordinary care and prudence, is entitled to recover damages from the city.

The question of the contributory negligence of plaintiff, in an action for damages received through the negligence of a city in

allowing an accumulation of ice and snow to remain heaped up in a dangerous condition on one of its sidewalks, is for the jury, when it appears that plaintiff was proceeding along the walk in the evening, not very rapidly, and as carefully as persons ordinarily walk along the street; that she slipped and fell on this accumulation of ice, receiving painful injuries; that the place was lighted by an electric light and she noticed its condition after she fell, but it does not clearly appear that she noticed its condition before stepping upon it; that during the preceding three weeks she had safely passed over the walk in the day time five or six times, the last time about a week before the accident; and that the ice and snow at the place of the accident appeared to be in about the same condition as it was the last time she passed over it, about a week before.

The fact that the plaintiff may have had prior knowledge of the dangerous condition of a sidewalk is not itself conclusive proof of contributory negligence on her part in subsequently walking thereon.

The refusal of the court to grant a request for the physical examination of a female plaintiff by doctors named by the defendant, in an action for damages for personal injuries, is not error, when there is no showing of an abuse of the discretion vested in the court in such matters.

Where there is nothing indicating prejudice or passion on the part of a jury, a verdict for $10,500 will not be set aside as excessive, when given as damages for injuries to a woman thirty-eight years of age, of previous good health, who had formerly earned $75 per month, but was wholly incapacitated from following her previous vocation by reason of her injuries, consisting of a permanent and painful displacement of the womb, and the breaking of an ankle bone, which would probably require amputation of the injured leg, and who had scarcely been free from pain from the time of the accident up to the time of the trial.

Appeal from Superior Court, Spokane County.—
Hon. JESSE ARTHUR, Judge.  Affirmed.

*W. H. Plummer,* for appellant.

*L. H. Plattor,* and *Fenton & Saunders,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—About 7 o'clock on the evening of February 2, 1895, while the plaintiff and respondent was walking south on the east side of Stevens street,

between Sprague street and First street, in the city of Spokane, she slipped and fell upon the ice which had accumulated upon the sidewalk and broke the smaller bone of one of her legs near the ankle, and also received internal injuries of a serious nature. Subsequently she brought this action against the city to recover damages for the injuries thus sustained alleging, in effect, in her complaint, that the city was negligent in not keeping the sidewalk in a reasonably safe condition, and that such negligence was the sole cause of her injury. As an affirmative defense, the city alleges that the injury received by plaintiff, if any, was caused wholly by her own negligence and want of proper care. Upon this issue the cause proceeded to trial, and, at the close of plaintiff's evidence, the defendant moved for a non-suit, and, at the conclusion of all the testimony in the case, the defendant moved for a peremptory instruction to the jury to return a verdict for the defendant. These motions were based upon the alleged ground that the undisputed evidence showed that plaintiff's injuries were caused by her contributory negligence. Both of these motions were denied, and this ruling of the court is one of the principal errors relied upon for a reversal of the judgment.

It is conceded that it was the duty of appellant to keep its sidewalks free from obstructions and defects, and in a reasonably safe condition for travel, and it is not seriously contended that it discharged its duty in that regard. The evidence clearly shows that at the place where plaintiff fell and was injured, and which was in the business portion of the city, the sidewalk was covered with ice and snow to the depth of from four to eight inches and had been so covered for a month prior to the time when plaintiff fell upon it, and that

the city had not attempted to remove the ice and snow from the walk, or to take any steps whatever to render it safe for pedestrians, although its street commissioner had been personally notified of the condition of the sidewalk at this particular point some days before the accident, by an individual who had himself fallen on the ice at the same place where the plaintiff fell. The testimony clearly shows that the sidewalk where the plaintiff was injured was several inches lower than the vacant lot adjoining; that during the preceding month of January the snow had melted at various times and run down off the vacant lot upon and across the sidewalk, thus causing an accumulation of ice and snow thereon which, by alternate freezing and thawing, and the passing of pedestrians and the crossing of wagons, had become rough, uneven and rounded up to such an extent that it was dangerous for persons to pass over it. This snow and ice, in the condition in which it then was, clearly constituted an obstruction to travel which it was the duty of the city to remove, and which rendered it liable in damages to anyone injured thereby while in the exercise of ordinary care and prudence. *Calder v. Walla Walla*, 6 Wash. 377 (33 Pac. 1054).

It appears from the testimony of the plaintiff that, at the time the accident happened, she was going to the Hotel Spokane, situated on the corner of Stevens and First streets, with the view of attending a reception which she was informed would there be given in honor of J. L. Wilson; that she was not walking rapidly and was careful how she walked — as careful as any person would ordinarily be when walking along the street; that she had safely passed over this sidewalk in the day time five or six times during the three preceding weeks, the last time about a week before the

accident, and that the ice and snow upon the sidewalk at the time she was injured seemed to be in about the same condition, so far as she was able to observe, as it was when she saw it the week before, and at other times. It is not clear from her testimony that the plaintiff noticed the real condition of this particular part of the sidewalk before she stepped upon it, but she does say that she observed its condition after she fell, and especially after she was assisted into a sleigh which was standing close to the edge of the sidewalk at the time. There was an electric arc light at the Sprague street crossing and another about a block away, which afforded sufficient light for the plaintiff to see the condition of the street with more or less distinctness.

Upon this state of facts did the court err in denying the defendant's motions? In other words, would the trial court have been justified in saying, as matter of law, as it was in effect requested, that the plaintiff was guilty of contributory negligence, and therefore not entitled to recover in this action? We think this question must be answered in the negative. The question of negligence on the part of the defendant, or of contributory negligence on the part of the plaintiff, is ordinarily a question of fact to be determined by the jury from all the facts and circumstances in evidence. It is true that there may be cases where the effect of the undisputed facts is so manifest that it may properly be determined by the court as a pure question of law. But,

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same con-

clusion from them, that the question of negligence is ever considered as one of law for the court." *Grand Trunk Ry. Co. v. Ives*, 144 U. S. 417 (12 Sup. Ct. 679).

See, also, *McQuillan v. Seattle*, 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); *Railroad Co. v. Stout*, 17 Wall. 657; *Roux v. Lumber Co.*, 85 Mich. 519 (48 N. W. 1092).

We think that, upon the undisputed facts of this case, candid and intelligent men might reasonably differ as to whether the plaintiff was or was not in the exercise of ordinary care and prudence at the time of the accident; and it therefore follows that the court committed no error in submitting the case to the jury.

The learned counsel for appellant contend that the facts of this case are " on all fours " with those in the case of *Wright v. St. Cloud*, 54 Minn. 94 (55 N. W. 819), wherein the court held as matter of law that the plaintiff was guilty of such contributory negligence as precluded a recovery. But in this we think counsel are in error. An examination of the opinion of the court in that case will disclose that the plaintiff not only saw the condition of the sidewalk before she attempted to pass over it, but that it occurred to her the moment she saw it that it was a dangerous place to walk. In this case there is no evidence that it occurred to plaintiff that the walk was dangerous, or that she had full and present knowledge of the " risk incident to traveling over it." The decision of the court in that case was not predicated upon the mere fact that plaintiff had knowledge of the condition of the sidewalk, but upon the fact, with others, that she was conscious of the danger of slipping and falling at the moment she undertook to pass over it. That the ruling of the court would have been different in the absence of present knowledge of the dangerous

condition of the sidewalk, and of the risk of slipping and falling, we apprehend will appear from an inspection of the opinion of the same court in the later case of *Maloy v. St. Paul*, 54 Minn. 398 (56 N. W. 94), in which *Wright v. St. Cloud*, is commented upon and in which it is said :

" It is certain that previous knowledge of the existence of a defect has an important and, oftentimes a decisive, bearing upon the question of contributory negligence; but mere inattention to a known danger, on the part of this plaintiff, cannot be held to conclude her."

The next assignment of error is that the verdict is against the evidence as shown by the special findings of the jury. The finding specially complained of by appellant is that in which the jury found that plaintiff could not see, and did not know of, the existence of the snow and ice on the sidewalk just before, or at any time prior to, her attempting to walk over the same. This is claimed by appellant to be contrary to the undisputed evidence. But even if that be so, it does not necessarily follow that the judgment should be reversed, for, as we have seen, the fact that she may have had such knowledge is not itself conclusive proof of contributory negligence on her part. *McQuillan v. Seattle, supra,* and cases cited. The special findings of the jury are in no sense inconsistent with the general verdict, and we are clearly of the opinion that the latter is justified by the evidence.

It is next objected that the court erred in refusing to require plaintiff to submit to an examination of her person by physicians. The record relative to this matter is as follows:

" The defendant, by counsel, at this time asked the court for an order compelling the plaintiff to undergo

an examination by physicians McLeod, Olmsted and Mason, in order that the defendant might use said physicians as witnesses. The plaintiff by counsel objected to such an order being made and the court sustained the objection and allowed the defendant an exception."

This request was made at the close of the testimony of Dr. Webb, who was a witness for plaintiff, and in the middle of the trial, and without any previous notice to the plaintiff. The complaint alleges, and the plaintiff had testified, that she had suffered a permanent displacement of the womb, as a result of her fall upon the sidewalk, and Dr. Webb, her physician, testified that he attended plaintiff soon after she received the injury and found, by a personal examination of her condition, that there was a displacement of the womb of recent origin, and that it was permanent, and of such a nature as to cause a permanent injury to a woman of the age of plaintiff. The power of the court to make the order requested is not here in question, but it is contended on behalf of the respondent that the refusal of the request was within the sound discretion of the trial court, and that such discretion was not abused; and we are inclined to agree with counsel's views in that regard. That the trial court is vested with a wide discretion in the exercise of such power, and that it may refuse to grant such an order as was here requested, when the sense of delicacy of the plaintiff may be offended by the exhibition, or where the testimony would be merely cumulative, or where the necessities of the case do not demand it, or where, in the judgment of the court, the examination would not materially aid the jury, seems to be established by the authorities. *Graves v. Battle Creek*, 95 Mich. 266 (54 N. W. 757, 35 Am. St. Rep. 561).

See, also, *Owens v. Kansas City, etc., R. R. Co.*, 33 Am. & Eng. R. R. Cases, 524 (6 Am. St. Rep. 39); 1 Thompson, Trials, § 859.

It is not shown by the record why the court refused to make the order, but the fact that the request was for an examination by physicians selected by appellant alone was a sufficient ground for refusing it. 1 Thompson, Trials, § 860. And, besides, for aught that appears from the record, the learned judge may have had other sufficient reasons for refusing to grant defendant's request.

The jury returned a verdict in this case in favor of the plaintiff for $10,500, and it is earnestly insisted on behalf of the defendant that it is so excessive that a new trial ought to be awarded on that ground alone. The undisputed testimony of Dr. Webb is to the effect that the injury to the respondent's leg is permanent and will probably result in amputation; that the internal injury is also permanent and painful; and respondent herself testified that she was thirty-eight years of age and that prior to this injury she was in every respect a strong and healthy woman; that she had previously been employed as a teacher, and as such had earned $75 per month, but was wholly incapacitated from following her previous vocation by reason of her injuries, and that from the time of the accident up to the time of the trial, a period of some eight months, she had scarcely been free from pain. It was the province of the jury to assess the damages under the instructions of the court, and the court, on motion for a new trial, refused to set aside the verdict. We perceive nothing indicating that the jury in assessing the damages was influenced by prejudice or passion, and it is only in such cases that the court is authorized by the statute to set aside a verdict on the ground of excessive damages.

The law applicable to the facts of the case was carefully and fully presented to the jury. The respective parties were represented by able counsel, and a fair trial was had. No error appears in the record, and the judgment must therefore be affirmed, and it is so ordered.

DUNBAR and GORDON, JJ., concur.