(90 App. Div. 314.)

### EGGLESTON v. TOWN OF CHAUTAUQUA.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. HIGHWAYS—INJURIES TO TRAVELER—LIABILITY OF TOWNS—NOTICE OF CLAIM—PROOF OF ADDITIONAL DAMAGE.

Highway Law (Laws 1890, p. 1181, c. 568) § 16, provides that no action shall be maintained against a town to recover damages for injuries sustained by reason of defective highways or bridges, unless "a verified statement of the cause of action" shall have been presented to the town supervisor within six months after its accrual. There is no provision made for amending the statement, and no new statement can be served after the expiration of the six months. An injured person served a statement, in compliance with the statute, stating, as her damages, an injury to her "right leg, at or about the knee"; also that she sustained a severe shock, was made sick, suffered much pain, etc.; and laid damages in the sum of $1,000. *Held*, in an action for the injuries, that the injured party could prove injuries other than those to the right leg, such as a hip injury, and could recover damages in excess of the $1,000, there being no evidence that there was any intention to misrepresent the extent of the injuries, which at the time of service of the statement appeared to be confined as specified therein, the real nature of the injury not being discovered until later, and the complaint being sufficiently broad to admit proof of the more serious injury.

Hiscock, J., dissenting.

Appeal from Special Term, Chautauqua County.

Action by Jennie B. Eggleston against the town of Chautauqua. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Ottaway & Munson, for appellant.

Van Dusen & Martin and Jerome B. Fisher, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was to recover damages for an injury upon a defective bridge in the town of Chautauqua. No claim is made that the evidence was not sufficient to warrant a finding that the commissioner of highways was negligent and the plaintiff free from negligence, and that she was injured and suffered the amount of damages for which the verdict was rendered. The principal contentions relate to the statement presented to the supervisor of the town in behalf of the plaintiff under section 16 of the highway law of the state. That section provides:

"Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the neg-

lect of any commissioner of highways of such town. No action shall be main-
tained against any town to recover such damages unless a verified statement
of the cause of action shall have been presented to the supervisor of the town
within six months after the cause of action accrued. And no such action shall
be commenced until fifteen days after service of such statement." Laws 1890,
p. 1181, c. 568.

The statement served in the case, among other things, contained
the following:

"That by reason thereof the claimant was badly bruised, and suffered a.se-
vere injury to her right leg at or about the knee, sustained a severe shock,
was made sick, suffered much pain, is so far disabled that she is compelled to
lie in bed, and has been obliged to pay large sums of money for medical at-
tendance and care, and has been incapacitated from attending to her ordinary
duties in caring for herself, or deriving any benefit from her visits among her
friends and acquaintances—to her great damage in the sum of $1,000."

Upon the trial the court, under defendant's objection, permitted
proof of injuries other than those to the right leg at and about the
knee, particularly of an intercapsular facture, an injury of a serious
nature to the hip; and the court refused to reduce the verdict ren-
dered for such injury, $4,500, to the amount stated in the statement
served, $1,000. There is no reason to suppose that the plaintiff in-
tended, at the time she made and served her statement, to misrepre-
sent her injuries. The accident occurred August 4, 1901, and the
claim was made and served 10 days later. At that time the injury
appeared to be confined to the lower leg and vicinity of the knee.
The doctor in attendance so believed and advised her, and she had
no reason to suppose the damage would be greater than $1,000. The
complaint was served in February, and the trial occurred in April,
1902. The complaint was broad enough to admit proof of the more
serious injury, and the demand was for $5,000 damages. It was not
discovered what the real nature and extent of the injury was until
just before the trial took place. The requirement of the statute is
not specific, but quite general "a verified statement of the cause of ac-
tion." In the absence of any intention to mislead the town, it would
be hard to deprive the claimant of the right to recover adequate dam-
ages for the actual injuries she sustained, because she was ignorant
of the real extent thereof when she verified her claim. Being re-
quired to swear to the truth of the statement, she could only state
the nature and extent of her injuries as she then understood and be-
lieved them to exist. No provision is made by statute for amending
the statement after it is served, and no new statement can be served
after the expiration of six months from the accident. In this case the
real nature and extent of the injury was not discovered until the six
months had expired. The statement is to be "of the cause of ac-
tion." It should state facts showing the occurrence of the accident,
the defects in the bridge which caused it, that the commissioner of
highways was negligent and the plaintiff was free from negligence,
and that the plaintiff was injured and was entitled to damages there-
for. It might well state the nature and extent of the injuries sus-
tained, and the amount of damages claimed therefor, but the amount of
damages would be merely an estimate, and the plaintiff would not be
restricted to the amount stated. Reed v. Mayor, etc., N. Y., 97 N. Y.

620. The statement as to the nature and extent of the injuries might be in quite general language, and not at all specific. The statement need not be as full and complete as the complaint in an action. Its object is to give the town notice of the claim, so as to enable it to investigate the same, and then to adjust it or be prepared to defend an action brought to enforce the same. The statute should receive a reasonable construction, and not such a one as to unjustly deprive a party of the right to recover adequate damages for the real injuries received. A substantial compliance with the statute should be held sufficient. See Spencer v. Town of Sardinia, 42 App. Div. 472, 59 N. Y. Supp. 412, and cases therein referred to. In this statement, besides the facts stated as to the injury "at or about the knee," there are general statements, viz.: "She was badly bruised, sustained a severe shock, was made sick, suffered much pain, is so far disabled that she is compelled to lie in bed, and has been incapacitated from attending to her ordinary duties," etc. A strict construction, such a construction as would be given to a complaint in an action, might make all these general statements refer to the specific injury stated, viz., to the leg, "at or near the knee," but such construction should not be given here. The object of the statute was fully served, and its letter substantially complied with, by the statement made, and the real nature and extent of the injuries could be proved on the trial and recovered for.

While parts of the charge, read by themselves, appear to state the law erroneously, yet, when the whole charge is read together, no reversible errors appear to have been made.

We conclude that the judgment and order should be affirmed, with costs. All concur, except HISCOCK, J., who dissents in an opinion.

HISCOCK, J. (dissenting). I am unable to concur in an affirmance of the judgment appealed from, but think the same should be reversed because of the admission upon the trial of evidence of serious injuries alleged to have been sustained by plaintiff which were not in any way set forth or described in her notice of claim filed under the statute. This action was brought to recover for personal injuries claimed to have been suffered by plaintiff through the negligence of defendant in allowing a bridge upon one of its highways to become defective. There was sufficient evidence upon the questions of defendant's negligence and plaintiff's freedom from contributory negligence to support the judgment, and I pass immediately to the consideration of the question above suggested.

Section 16 of the highway law provides:

"Every town shall be liable for damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town. No action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrued." Laws 1890, p. 1181, c. 568.

Plaintiff's verified statement filed under the foregoing statute, so far as it relates to her injuries, reads:

"That by reason thereof [the accident] the claimant was badly bruised and suffered a severe injury to her right leg at and about the knee, sustained a

severe shock, was made sick, suffered much pain, is so far disabled that she is compelled to lie in bed,   *   *   *   to her great damage in the sum of $1,000."

Upon the trial, in spite of the objections interposed in due time and form by the defendant, plaintiff was allowed to give evidence that she had sustained an intercapsular fracture of the hip. These objections taken upon the trial, and now urged upon this appeal, present the two questions, first, whether plaintiff's notice did fairly cover and include the alleged injury to her hip, and, second, whether, if it did not, it was still permissible for her to give evidence of such injury.

It does not appear to be seriously urged by respondent's counsel that the notice served by plaintiff did really and clearly specify any such injury as that mentioned. We do not think that, upon any fair construction of the language used, it did either specifically point out such an injury, or by general language include it. The words that plaintiff "sustained a severe shock, was made sick, suffered much pain, is so far disabled that she is compelled to lie in bed," even if they are not exclusively predicated upon the injury to her knee mentioned, still are not appropriate to describe the breaking of the hip. The statement that she was "badly bruised" does not naturally convey the idea of a broken bone or joint, and the further statement that she "suffered a severe injury to her right leg at and about the knee" not only does not include the injury to the hip, but excludes the idea of any further injury, such as the breaking of the bone at the hip on the same leg. Respondent's counsel, however, argues that, even though the foregoing construction of her notice be adopted, it was still sufficient. He does not base this contention upon any claim that a statement of her cause of action called for by the statute should not include an enumeration of the injuries alleged by her to have been received. Again, we do not see how he could do otherwise than concede that it should include such statement of injuries. In its simplest form a statement of her cause of action would set forth default and negligence of the defendant, with resulting injuries to herself from which damages flowed. Counsel, however, calls to our attention various decisions of the courts which he insists formulate the rules that a reasonable construction is to be put upon a statute of this kind, having reference to the object sought thereby to be effected, and, as especially bearing upon the precise point under consideration, that a preliminary notice of claim will not be subjected to any such exacting canons of interpretation as would be applied to a formal pleading. Seeking to avail himself of these and other similar principles, he urges that in a general way plaintiff, in connection with other matters set forth in her statement, gave defendant notice that she had suffered various injuries as the result of her accident, and that her notification was sufficient for all practical purposes, even though it did not point out the particular injury proved upon the trial against the objection of defendant. There is no difficulty in accepting the general principles thus pressed upon our attention, so far as they are outlined in the decisions of the courts. The difficulty lies in accepting the results claimed to be authorized thereby as applied to the notice under review. As against these general principles invoked for the benefit of the plaintiff, we must keep in mind certain others which have been

laid down as governing the construction of statutes such as that which now confronts her. It has been held that while courts should not, "by a strained technical interpretation, build up immaterial and unsubstantial variances or omissions into inequitable and unjust defenses against meritorious claims, * * * upon the contrary, they should not lightly and easily go to the other extreme of devising excuses for, and ways of escape from, failure to comply with reasonable and important provisions." Rauber v. Village of Wellsville, 83 App. Div. 581, 82 N. Y. Supp. 9. It has also been said that "clearly the Legislature had the right to impose such a condition [requiring the service of a notice as a condition precedent to bringing a suit], and no reason is apparent why a forced or strained construction should be placed upon the language of the statute for the purpose of relieving a litigant from the necessity of complying with the plain terms thereof." De Vore v. City of Auburn, 64 App. Div. 84, 71 N. Y. Supp. 747. And, again, it has been said that courts "have no right to add anything to the statute or to take anything from it, and to permit any departure from its plain terms is to introduce into it an element of uncertainty, and open the way for a complete breaking down and nullification of the statute. * * * The requirements of the statute are simple and easily complied with, and their strict enforcement will prevent ultimate confusion and uncertainty." Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996. So, also, in answer to the suggestion made that plaintiff has acted in good faith and attempted to comply with the statute, we must bear in mind that our construction of the statute is not to be tested so much by the merits of the particular case under review as by the possibilities of what it will permit in other cases which may arise. There is no doubt that the injury to the hip was the most substantial source of damages established in this case. This appears plainly enough upon the face of the evidence, and, if further demonstration upon that point were wanting, it would be found in the fact that plaintiff recovered a verdict of $4,500 with that element in the case, whereas she had only asked originally for $1,000 upon the allegation of an injury to her knee. Therefore, if we are right that the statement of plaintiff's cause of action in her original notice was deficient in that it did not fairly point out and cover the injury to her hip, and notwithstanding that fact it was still permissible for her to give evidence of such a serious injury, then we see no limit, in the matter of injuries at least, to the departures which a claimant upon the trial of his action may make from his original notice. If it is possible for this plaintiff, upon a statement in her notice of injuries to her knee, to prove a breaking of her hip, then it follows with perfect logic that, upon a notice alleging a breaking of a finger, a claimant would have the right to show a breaking of the arm, and upon a statement of an injury to the heel to show a breaking of the leg, and upon a statement of an injury to the rib to show a fracture of the spine, and so on. In short, without further illustration, a construction of the statute such as plaintiff contends for in this case would, in my judgment, lead to a nullification of it, so far as concerns any requirement for a preliminary statement and notice of injuries claimed to

have been sustained. I am unwilling to proceed in the direction of such a result, and none of the cases cited in behalf of the respondent present to my mind any parallel between the questions there under review and the one here discussed.

It is said, however, that in this case there are special reasons·why plaintiff should be allowed to enlarge upon the injuries enumerated in her notice, and this contention is based upon the theory and supposition that the particular injury to her hip was unknown to her in time to include it in her notice. In my opinion, the facts in this case do not call upon us for a decision of the question whether the plaintiff upon the trial of an action should be allowed to give proof of injuries which were not and could not be discovered in time to include them in the notice required to be served under the statute. The facts in this case do not seem to establish such an excuse for the omission from plaintiff's notice of a statement of the injuries to the hip. The notice in evidence was served August 15, 1901, the injury having occurred August 4, 1901. While no provision is made in the statute for amending this notice, there is no question but that another and second one might have been served at any time before the expiration of six months from the date of the accident. As bearing upon the question whether plaintiff knew or ought to have known that her hip was injured, some extracts from the evidence may be quoted. Speaking of a period immediately succeeding the accident, she testified to intense pain in the hip as well as in the knee; the limb was black and blue from the hip to the ankle. Dr. Belknap, who attended her immediately after the accident, treated her entire limb, and Dr. Atterbury, who was called within a period of six months, treated her for the entire limb. Dr. Belknap, already mentioned, testified that her limb "was black and blue; bruised the whole length from ankle to hip." Dr. Atterbury testified that he found the limb contused and badly swollen its whole length, and that "any motion of the limb would cause pain at the knee, and also at the hip." He says he did not discover any intercapsular fracture at the time, but he "suspected it." And again, in answer to a question by the court, he says: "I suspected a very serious injury to the hip, and I could not possibly diagnose an intercapsular fracture at that time on account of the swelling and contusion, and my treatment was to that effect—a fracture of the hip; I suspected it, and I used that precaution." The evidence seems to make it pretty plain that the plaintiff and the physicians attending her knew, or in the exercise of a reasonable examination ought to have known, that her hip was injured. It seems almost past comprehension that plaintiff, for the period of six months under the attention of at least two physicians, should fail to know that her hip had been broken. It certainly seems entirely clear from the evidence that, by a reasonable examination and formulation of the information derived thereby, plaintiff, within six months from her accident, might have prepared a notice which would warn defendant of an intended claim of injury to her hip, even though such injury was not pointed out in terms of minute definiteness. If she could have done this, then I do not think she can be relieved from her failure so to do upon any theory that she should not be held liable for not performing im-

possibilities.   If compliance with the statute is to be enforced, I do not think it is harsh at least to lay down the rule that a claimant must take reasonable pains to ascertain, for the purposes of his notice, what his injuries are, and that if he fails to do this he shall not be allowed to prove them upon the trial.   If quite palpable and serious injuries are overlooked and not included in the notice, the person who has overlooked them should suffer rather than the municipality, which is without responsibility or fault in this respect, and is entitled to compliance with the statute if it can be had by the exercise of a reasonable effort.

I think the judgment and order should be reversed, and a new trial granted.