[No. 4793.   Decided March 1, 1904.]

CLARA A. BENSON, *Respondent,* v. TOWN OF HAMILTON, *Appellant.*[1]

TRIAL—CONTINUANCE—DISCRETION—INTOXICATION OF WITNESS. It is not an abuse of discretion to refuse a continuance on the ground of the intoxication of a witness, where other witnesses had testified to the same facts which he was expected to swear to, and the adverse party admitted that he would so testify if sober, and where a continuance of one day had already been taken on that account.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE TESTIMONY. It is not error to refuse a new trial on account of newly discovered evidence as to statements made by the plaintiff that she was not injured in the manner claimed, when it was only cumulative, other witnesses having testified to similar statements made to them, and this being one of the main points in the case.

[1]Reported in 75 Pac. 805.

Municipal Corporations—Streets — Negligence — Uncorrobo-rated Evidence—Sufficiency.   In an action for personal injuries sustained in a fall upon a defective walk, the uncorroborated testimony of the plaintiff as to the condition of the walk is sufficient to make a prima facie case for the jury, and the credi-bility thereof is exclusively for the jury.

Same—Plaintiff's Knowledge of Defect—Contributory Neg-ligence—When for Jury.   The statement of plaintiff, injured by a fall on a defective walk, that the walk was old, that she had been over it many times and had seen defects in it, is compe-tent but not conclusive evidence of contributory negligence, mak-ing it a question for the jury.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered February 9, 1903, upon the ver-dict of a jury rendered in favor of the plaintiff for per-sonal injuries sustained through a defect in the sidewalk. Affirmed.

*Smith & Brawley* and *Shrauger & Barker,* for appel-lant.

*Million & Houser,* for respondent.

Mount, J.—Respondent was injured by a fall on a de-fective sidewalk in the town of Hamilton.   She recovered a judgment in the court below.   The town prosecutes this appeal, alleging error of the trial court upon the following grounds:   (1) in denying appellant's application for a continuance of the trial on account of the drunken condi-tion of a witness; (2) in denying a motion for a new trial on the ground of newly discovered evidence, and upon the ground of the insufficiency of the evidence to justify the verdict.

(1) At the trial appellant called a witness by the name of W. H. Rugg.   This witness, after being subpœnaed on the part of the appellant, became so intoxicated that, when called to the witness stand, the court excluded him there-from and refused to permit him to testify in the case, and

also inflicted punishment for contempt upon him.    Thereupon appellant made an application to the court for a continuance of the trial until the witness could become competent to testify in the case, stating the facts to which the witness would swear when in condition to give evidence in the cause.    Respondent thereupon admitted that the witness would testify to the facts stated, and the court denied the application.

The statute provides that a person intoxicated at the time he is called for examination is incompetent to testify in a cause.    Bal. Code, § 5993.    A continuance of the trial of a case rests largely in the sound discretion of the court, and is subject to review only for abuse of such discretion. There is nothing in the record before us indicating that the appellant was in any wise to blame for the condition of the witness, or that it knew of any predisposition of the witness to become intoxicated.    There is no showing as to the length of time required for the witness to become competent.    It does appear, however, that the trial of the cause was continued from one day until the next in order to obtain the attendance of this witness.    It also appears that one other witness had testified in the case to the same facts that this witness was expected to swear to, and the counsel for respondent promptly admitted that the witness, if sober, would testify to the facts as stated by appellant. It was said in *Fox v. Territory,* 2 Wash. Ter. 297, 5 Pac. 603:

"The exclusion of the intoxicated witness was not error, but it might have constituted strong ground for a new trial, if the defendant, upon the exclusion of the witness, had informed the court of the importance to the defense of his testimony, and had asked an adjournment of the cause until he became competent to testify, and the court had refused the request."

In this case the court was informed of the importance of the testimony of the witness, but the respondent admitted that the witness would testify to all the facts stated. This admission was sufficient under the statute, § 4977, Bal. Code, to justify the court in refusing the continuance, and such refusal was therefore not error.

(2) After verdict in favor of respondent, appellant filed a motion for a new trial upon the ground of newly discovered evidence, and this motion was denied. The newly discovered evidence was that of another witness, a Mrs. Rupe, who, in her affidavit in support of the motion, stated that the appellant told her shortly after her injury that she received the injury complained of by a fall upon her own door step, and not by a fall upon the street of the appellant city. This issue was the principal one in the trial. Appellant had one witness upon the trial who testified that respondent told her the same thing, and it was also admitted at the trial that the witness Rugg, hereinbefore referred to, would, if sober, testify to a similar statement made to him. So that it clearly appears that this evidence is cumulative, and for that reason the court below did not abuse its discretion in denying a motion upon this ground.

Appellant contends that the evidence was insufficient to justify the verdict, because the plaintiff was not corroborated as to the place upon the sidewalk where she was injured, and because she was guilty of contributory negligence in going upon the sidewalk. The plaintiff herself was the only witness who testified as to the place where she was injured, and no one was with her, or saw her fall and receive her injuries. No corroboration was necessary in order that the jury might consider her testimony. The credibility of the witness was exclusively for the jury. Respondent testified that the sidewalk upon which she was

injured was an old sidewalk and that she had been over it many times before and had seen defects in it. These facts were competent to go to the jury upon the question of contributory negligence, but are not conclusive thereof. *Mc-Quillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Smith v. Spokane*, 16 Wash. 403, 47 Pac. 888; *Rowe v. Ballard*, 19 Wash. 1, 52 Pac. 321; *Cowie v. Seattle*, 22 Wash. 659, 62 Pac. 121; *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114; *Mischke v. Seattle*, 26 Wash. 616, 67 Pac. 357; *Christianson v. Pacific Bridge Co.*, 27 Wash. 582, 68 Pac. 191. The evidence not being conclusive of contributory negligence, the trial court properly submitted that question to the jury. The motion was properly overruled.

There is no error in the record, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.