[No. ,8822.   Department Two.   August 20, 1910.]

EMMA E. PIERCE, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

MUNICIPAL   CORPORATIONS — STREETS — NEGLIGENCE — UNGUARDED DITCH. The negligence of a city in leaving an unprotected ditch in a street, and the contributory negligence of the plaintiff, is for the jury, where it appears that the plaintiff, in order to avoid dangers in a street that was being improved, walked diagonally across an intersecting street to cross vacant lots to her home, and fell into an unguarded ditch of which she had no knowledge, and that the night was dark and the place unlighted.

MUNICIPAL   CORPORATIONS — ACTIONS — NOTICE OF CLAIM — SUBSEQUENT RESULTS. The requirement of a city charter that claims for personal injuries shall be filed within thirty days and shall state the nature and extent of the injuries and the amount of the claim is for the purpose of giving timely notice, and does not preclude a recovery for additional injurious results that have developed since the claim was filed and were not known or anticipated at the time.

DAMAGES — PERSONAL INJURIES — EXCESSIVE VERDICT. A verdict for $8,000 is not excessive where the injury to a pedestrian through a fall into a ditch in a street resulted in the fracture of a knee cap, rupture of the knee capsule and other injuries, crippling plaintiff for life, and bringing on traumatic neurasthenia.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December, 17, 1909, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by a pedestrian on a defective street. Affirmed.

[1]Reported in 110 Pac. 537.

*F. B. Morrill, E. O. Connor,* and *George A. Lee,* for appellant.

*Harris Baldwin,* for respondent.

CROW, J.—Cannon and Belt streets, running north and south, are intersected at right angles by Knox avenue, running east and west, in the city of Spokane. An electric car line is operated on Cannon street, which is one block east of and parallel with Belt street. On May 24, 1909, the city of Spokane was improving Knox avenue by grading, curbing and sidewalking. About 6:30 o'clock in the evening of May 24th, 1909, the plaintiff, Emma E. Pierce, who lived on Belt street a short distance north of Knox avenue, walked from her home diagonally across Knox avenue to take a south bound Cannon street car. She then noticed that Knox avenue between Cannon and Belt streets was in an unsafe condition by reason of improvements then in progress. About 9:30 p. m. she returned on a north bound car, alighted at the northeast corner of Cannon and Knox, and to avoid walking on Knox avenue, turned in a northwesterly direction across Cannon street so as to pass over some vacant lots to her home. As she was crossing the curb line on the west side of Cannon street and about 25 feet north of the north curb line of Knox avenue, she fell into an unguarded ditch, struck a cement curbing and was seriously injured. After filing a verified claim, which was rejected, she instituted this action against the city for damages, and the defendant has appealed from a final judgment entered in her favor.

The appellant contends that the trial court erred in denying its motions for a directed verdict, and for judgment notwithstanding the verdict. Respondent and her witnesses testified, that no barricade guarded the ditch; that although signal lights were placed on Knox avenue, none was placed on Cannon street; that the nearest light on Knox was 25 or 30 feet distant from the point where she fell; that the night was dark; that she did not know of the ditch on Cannon

street; that she went north of Knox avenue to avoid its dangers; and that in so doing she fell into the ditch on Cannon street, without knowledge or warning of its existence. Appellant contends that the respondent was guilty of contributory negligence, and that the city was not negligent. On motion for a directed verdict in favor of the defendant the evidence must be considered most favorably to the plaintiff. The record before us contains sufficient evidence introduced on respondent's behalf to sustain a verdict in her favor. There was ample proof of negligence on the part of appellant, and we cannot hold the respondent guilty of contributory negligence as a matter of law.

The accident occurred on May 24, 1909. The Spokane city charter provides that

"All claims for damages for personal injuries . . . alleged to have been sustained by reason of the negligence of the city, or any officer, agent, servant or employe thereof, must be presented to the city council within one month after any such injuries shall have been received, in the manner hereinafter in this section provided . . . All claims for injuries to person or property, and all notices of such claims herein required, shall be in writing and shall state the time when and the place where such injuries were received and must also state the cause, nature and extent of the same, the amount of damage sustained thereby and the amount for which the claimant will settle the same. . . .; and the refusal or omission to present such claim and give notice, where notice is required, shall be taken to be, and shall be, a waiver of any and all damages on account of such injuries, and shall be a bar to any suit or action against the city to recover the same, or any part thereof; . . ." Spokane City Charter, § 220, subd. 1.

On June 19, 1909, the respondent filed with the city her verified claim for $5,000 damages for personal injuries, $350 for doctor bills, and $120 for hospital fees, being $5,470 in all, and stated the nature and extent of her injuries in the following language:

"The nature and extent of said personal injuries are that

by reason of the said Emma E. Pierce falling, as aforesaid, into the said ditch or trench the patella or knee cap of her left knee was fractured, the capsule of the joint of her left knee was ruptured, the ligaments attached to her left knee were strained and sprained and the tissues surrounding the left knee were bruised whereby and by reason whereof she endured severe nervous shock and was caused to suffer and did suffer long and great and grevious physical pain, and will continue to suffer pain for the rest of her life, and her power of locomotion has been impaired."

This claim was rejected by the city. The respondent in her complaint alleged, and on the trial offered evidence to show, that no indication of any further injuries than those stated in her verified claim appeared, either to herself or her physician, before the middle of July, 1909; but that in July, and thereafter, other injurious results of the accident developed and that they continually increased, and were increasing at the date of the trial, which occurred in December, 1909. The nature and extent of these additional injuries which were alleged and proven need not be here stated. In her complaint the respondent asked damages for the injuries originally mentioned in her verified claim, and for the injuries which thereafter appeared, in the total sum of $18,358. Over appellant's objection she was permitted to introduce evidence in support of these additional claims, and a verdict for $8,000 was returned in her favor, which exceeded her original verified claim by $2,530.

The appellant by numerous assignments of error, predicated upon objections to evidence admitted, upon the denial of its motion to strike the same, and upon its exceptions to instructions given and refused, now insists that in her pleadings and proof the respondent should have been restricted to her verified statement as to the extent of her injuries, and also as to the amount of damages therein claimed, and that the trial court erred in admitting evidence of additional injuries and damages and in permitting the same to be considered by the jury. The evidence admitted was sufficient to

sustain the respondent's allegation that the additional injuries did result, and that they first appeared more than thirty days after the accident, when the time for filing her verified claim had expired. There is no contention of bad faith on her part, or that she attempted to deceive the city when presenting her claim. In *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386, in commenting on this section of the Spokane charter, we said:

"We think a reasonable compliance with this provision is all that would be required, and that it is the duty of a claimant, under this charter provision, to state as near as he can the amount of his damages; and, no doubt, if it should afterwards eventuate that he had been mistaken in that regard, he would be allowed by the court to make such showing. We think that, thus liberally treated, the statute, as to time, is not an unreasonable one; but that, under the provisions of the complaint, considered with reference to the demurrer, a sufficient excuse was pleaded, and that the instructions of the court were warranted."

Although the question raised in the *Born* case pertained to the time for filing a verified claim, rather than to the amount of damages demanded, the above statement announces a rule that should be here applied. The manifest purpose of the charter was to afford the city an early opportunity to examine the locality where the accident occurred, to ascertain the nature of the alleged defect in the street or sidewalk, and learn, as far as known, the character and extent of the injuries sustained by the claimant, so that it may avoid litigation and costs by settling the claim, if meritorious; or on the other hand, if on investigation the claim appeared to be without merit, then to afford the city an opportunity for preparing its defense and procuring evidence while the same may be obtained. The single circumstance that the claimant, not fully realizing the extent of her injuries, demands less, or offers to settle for less than, as shown by future developments, she should recover, will not preclude her from main-

taining a suit for the damages actually sustained, and sub-
sequently ascertained.

In *Mackay v. Salt Lake City*, 29 Utah 247, 81 Pac. 81,
in passing upon a statute similar to the charter provision
now under consideration, the court said:

"The record shows that the claim in this case was filed
with the city recorder six weeks after plaintiff was injured,
and it was more than five months thereafter when it was re-
jected and disallowed by the city. In cases like this it might
often happen that the full extent of the injuries received
could not be accurately determined within the time in which
the claims must be filed as required by law, and it might de-
velop long afterwards that the injuries were of a much more
serious character than they appeared to be when received.
So, in this case, it appears from the record that the injuries
to plaintiff's leg and back are permanent in character. and
which, at the time he filed his claim, he might well have be-
lieved were only temporary, and from which he would, in the
course of time, recover. In the case of *Noble v. Portsmouth*,
67 N. H. 183, 30 Atl. 419, this same question was involved,
and the court, in the course of the opinion, says: 'But if the
town declines to settle there is no reason why the plaintiff,
who has innocently underestimated his claim, should not re-
cover actual damages. His injury, which at first may seem
slight, may prove to be serious. Within the brief period for
filing the statement the nature and extent of his injuries may
not have become developed. Time may demonstrate he was
honestly mistaken, and the law does not visit upon him con-
sequences which result from no fault of his.' "

See, also, *Terryll v. Faribault*, 84 Minn. 341, 87 N. W. 917;
*Robin v. Bartlett*, 64 N. H. 426, 13 Atl. 645; *City of Wyan-
dotte v. White*, 13 Kan. 191; *Reed v. Mayor etc. of New
York*, 97 N. Y. 620; *Eggleston v. Town of Chautauqua*, 90
App. Div. 314, 86 N. Y. Supp. 279. Although there may be
some conflict of authority, we think the rule announced in the
cases above cited is a just and reasonable one.

The assignments above discussed are the controlling ones
upon which the appellant predicates its claim to a reversal.
It has, however, presented other assignments of error based

upon instructions given and refused, upon the refusal of the trial court to withdraw certain items of damage from the consideration of the jury, and upon the contention that the damages awarded are excessive. We find no error in the matter of admitting or rejecting evidence. All items of damages as to which no evidence was offered were properly withdrawn from the jury, and there was evidence to support all items that were submitted. The instructions given clearly and correctly state the law applicable to the issues, and are free from prejudicial error. Referring to the amount of damages, we find no conflict in the evidence touching the nature and extent of respondent's injuries. The award may be full compensation, but it appears that the respondent has been crippled for life, that her health has been permanently impaired, that she is afflicted with traumatic neurasthenia, that she is constantly growing worse, and that she has suffered most serious injuries, all the result of the accident. The trial court sustained the verdict, and we are unable to conclude that it is excessive. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.