[No. 9937. Department Two. April 8, 1912.]

## H. O. BLANKENSHIP, *Appellant*, v. KING COUNTY, *Respondent*.[1]

HIGHWAYS — INJURIES TO TRAVELERS — OBSTRUCTIONS — WIDTH OF ROAD. A county cannot escape liability for obstructions in the portion of a county road in which the public is invited to travel, by the fact that there was a sufficient way left open to avoid the obstructions.

SAME—OBSTRUCTIONS—QUESTION FOR JURY. Where a county road, macadamized for a width of sixteen feet along its center, was graded and traveled for a width of twenty-four feet, it is for the jury to say whether the entire improved portion was intended for travel; and the county is liable for obstructions placed in the traveled portion of the road at the edge of the macadam.

[1]Reported in 122 Pac. 616.

Same—Obstructions—Constructive Notice. Constructive notice of obstructions in a county road is shown by the fact that large granite blocks were suffered to remain in the traveled portion of a county road for a period of five months.

Same—Obstructions—Contributory Negligence. The driver of a team, who in the nighttime ran against a large granite block in the traveled portion of a county road, at the edge of the sixteen-foot macadamized center, is not guilty of contributory negligence, as a matter of law, from the fact that he had often seen and knew of the location of the obstructions, where the night was dark and rainy, he was keeping well to the right to avoid approaching vehicles, and his team had a short time before become frightened and increased its speed.

Mount and Morris, JJ., dissent.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 8, 1911, dismissing an action for injuries sustained through defects in a county road, upon withdrawing the case from the jury. Reversed.

*George F. Hannan* and *Richard G. Hutchinson*, for appellant.

*John F. Murphy* and *Robert H. Evans*, for respondent.

Fullerton, J.—The appellant sought in this action to recover for personal injuries received by him from an accident happening while he was driving a team upon a county road in King county. The roadbed at the place of the accident was some twenty-four feet in width and had been macadamized for a width of sixteen feet along its center. The road, so the appellant testified, was traveled throughout its entire width, although the heavy traffic passed over the macadamized portion of the way. At the place of the accident, and for some distance on each side thereof, the road had been graded out from the side of a hill and lay in the shape of a curve, the point of the curve extending towards the summit of the hill. On the other side it broke off abruptly owing to the fact that the roadbed was built up from the natural slope of the hill. Some five months or more before the accident, one Barret, for purposes of his own in no way

connected with the affairs of the county, hauled and placed on the roadbed, between the macadamized portion of the way and the hill, two blocks of granite, two feet by two feet by four feet in size, laying them diagonally to the course of the road, so that their ends reached within a foot and a half or two feet of the macadamized part of the road.

On the evening of September 16, 1909, the appellant drove along the highway towards his home with a team of well broken horses and a light wagon, traveling in a trot at a speed of perhaps six miles an hour.  As he reached the point in the road where the granite blocks were placed, he collided with them.  The collision broke the right front wheel of his wagon to pieces, and caused the right hind wheel to loosen from the axle and to roll off.  The team thereupon started to run away, dragging the appellant; and before they were stopped, he received the injuries for which he sues in this action.

In his direct as well as his cross-examination, the appellant admitted that he was familiar with the road over which he was traveling; that he had traveled it many times in the nighttime as well as the daytime; that he knew the exact location thereon of the granite blocks; and that his team was under control at the time of the accident.  But he also testified, in excuse of his act of driving upon the blocks, that the macadamized part of the road was covered over with more or less dust and dirt, especially on its edges, and that one driving over it could not always tell by the mere sound the team and wagon made whether or not they were entirely on this part of the way; that, as he approached the blocks, he was keeping well to the right of the way, so as to avoid collision with possible approaching teams and automobiles; that but a short time before the collision his team had become frightened and increased their speed somewhat, and that it took more than his usual attention to keep them under control; that the night was dark and rainy; and that the

blocks could not be readily seen; and that he "was cold and wet" and "bent on getting home."

At the trial, before the appellant had concluded his testimony, the court took the case from the jury and entered a judgment of dismissal, basing his action on the grounds that no negligence was shown on the part of the county, and that the defendant was guilty of negligence in driving upon the granite blocks after he had knowledge of their location in the highway.   This appeal is from the judgment of dismissal.

This court has heretofore held, and it is the general rule, that counties are not obligated to open highways to travel for their full located width; but that their duty in this regard is accomplished by opening the way for a sufficient width to make it reasonably safe and convenient for ordinary travel; that it is not compelled to keep the sides of the prepared way free from obstructions, nor is it obliged to erect barriers where there is no unusual danger to be encountered.   These rules are pressed upon us as sustaining the court's judgment in the present case; but it seems to us that they do not meet the question suggested by the facts in the record.   The appellant in the case before us was not injured because he passed out of the part of the highway that had been opened by the public authorities for travel; on the contrary, he was injured by an obstruction placed in the very part of the way that had been so opened.   If, therefore, the county was responsible for the obstruction, and the appellant was not guilty of contributory negligence, the county cannot escape liability on the ground that there was a sufficient way left open by the use of which travelers along the road could avoid collision with the blocks of granite.   To place them there, was to invite injury.   A traveler along a highway expects to keep within the way prepared for him, and anticipates meeting with obstructions if he departs therefrom; but he does not expect to meet with obstructions in that part of the way over which he is invited to travel, and consequently he is not to be held to as strict an accountability if he is injured

by such an obstruction as he would be were he injured by an obstruction outside of the place of travel.

We have not overlooked the contention of the county to the effect that it had extended no invitation to the public to travel off the macadamized part of the highway, and that those blocks were not placed on the part that had been macadamized; that four feet of graded space on each side of the macadam was so graded in order to protect the macadam from breaking and spreading out with the weight of loads, and were not intended as places upon which to travel. But the record furnishes no support for these contentions. The county offered no evidence at the trial, and the evidence of the appellant is that all parts of the highway were used by the public for the purposes of travel, the dirt sides as well as the macadamized center. This is sufficient to carry to the jury the question whether the county intended that all parts of the way should be so used by the public.

It was not shown that the county permitted the granite blocks to be placed in the highway, or that any officer of the county had knowledge that they had been so placed, and it is insisted that the county cannot be held liable because of these facts. But the plaintiff did show that the blocks had been suffered to remain in the highway for a period of five months, and this is sufficient to warrant a jury in finding that the county officials knew or ought to have known of their placement therein.

The further contention that the appellant was guilty of contributory negligence, as a matter of law, because he was familiar with the highway and had previous knowledge of the fact that the granite blocks had been placed therein, is equally without foundation. The appellant was not bound at all times, by day and by night, to keep in mind the fact that some person had placed obstructions in the way. The human mind is not so constituted that it can recall at all times things with which it is familiar, and we know from ex-

perience and observation that reasonably prudent persons receive injuries from defects and obstructions in streets and highways the existence of which they had previous knowledge. The law does not, therefore, in all cases hold a person injured by a defect in a highway guilty of contributory negligence merely because he had previous knowledge of the defect, but generally treats the matter of knowledge as a fact or circumstance bearing upon the question of contributory negligence to be submitted to the jury along with the other facts and circumstances surrounding the accident, leaving it for them to say whether, under the facts shown, the injured person was or was not guilty of contributory negligence. *Benson v. Hamilton,* 34 Wash. 201, 75 Pac. 805; *Cowie v. Seattle,* 22 Wash. 659, 62 Pac. 121; *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357; *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799.

The facts in the case before us do not show conclusively that the appellant was guilty of contributory negligence. The court should not, therefore, have taken the case from the jury.

The judgment is reversed and the cause remanded for a new trial.

DUNBAR, C. J., and ELLIS, J., concur.

MOUNT and MORRIS, JJ., dissent.