[No. 23198. Department One. July 24, 1931.]

J. H. SMITH *et al., Respondents,* v. THE CITY OF TACOMA, *Appellant.*[1]

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for appellant.

*J. H. Blakiston* and *U. E. Harmon,* for respondents.

MITCHELL, J.—This action in damages arose out of an accident to respondent Mrs. Smith, who fell on an alleged defective sidewalk on the east side of North Ferdinand street, in the city of Tacoma, about half past four o'clock in the afternoon of March 8, 1930.

The complaint was in the form that is common in such cases, including an allegation of having presented a claim in due form and proper time to the city, and the rejection of it. The answer consisted of a general denial of negligence and an affirmative answer of contributory negligence, which latter was denied by a

[1]Reported in 1 P. (2d) 870.

reply on behalf of the plaintiffs. The trial resulted in a verdict for $7,000, which, on the city's motion for a new trial, was reduced to $4,000, else the motion for a new trial would be granted. Plaintiffs accepted the reduction and judgment was rendered in their favor accordingly, from which judgment the city has appealed.

The facts sustaining the verdict and judgment were about as follows: Mrs. Smith was returning from a store in the neighborhood to which she had gone to trade. The sidewalk where the accident happened had been in existence and use a number of years, and had fallen more or less into decay. It consisted of boards laid on stringers, the boards being eight or ten inches wide, according to the testimony of different witnesses. At the place the accident happened, two adjoining boards had swollen and raised, in pyramidical fashion, some four to six inches, according to the estimates of the different witnesses. At another place, some one hundred thirty feet distant, along the same sidewalk, there was a similar raise, though probably not quite as high, and several witnesses, including Mrs. Smith, testified that there were one or more other places along the same sidewalk in which the boards were slightly swollen and raised. This condition of the sidewalk, caused by the weather of midwinter, had existed some six or eight weeks, according to the testimony of a number of witnesses, one of whom was the mail carrier who usually traveled over the sidewalk twice a day, while one witness said it had existed several months longer.

Mrs. Smith was acquainted with the sidewalk, and on this occasion was returning from the store with a market bag of merchandise in one arm. She carried a cane at the time. Further, the testimony, in substance, was that she thought she had gotten over all the raised

places along the sidewalk before reaching the one first above referred to and described, over which she fell, causing the injuries complained of, similar to the situation in *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799, where it was said that the plaintiff, who was allowed to recover, thought ''he had passed all the dangerous places'', etc.

Respondents presented a written claim to the city within sixty days, as required by law, in the sum of $7,500, for injuries, pain and suffering caused Mrs. Smith. In their complaint, which was filed more than sixty days thereafter, respondents alleged damages for injuries, pain and suffering in the sum of $15,000. At the trial, the city objected to the introduction of any testimony, because no claim had been presented to the city for the sum of $15,000, the amount mentioned in the complaint. The contention was that the amount of the claim, $7,500, could not be enlarged, because in the written claim filed the statement was made that ''neither can it be determined at this time the full extent of her injuries, which may be permanent.'' By the language just quoted, it is argued that the plaintiffs knew the injury might be permanent, and fixed the amount of damages accordingly in the sum of $7,500.

Considering the whole of the writing, however, the particular language referred to means, in our opinion, that the amount stated was for general damages according to reasonable knowledge at that date, without waiving the right to make further claim for permanency of injuries if warranted by subsequent knowledge and developments. Accordingly, in the complaint, some three months after the claim was filed with the city, it was alleged

''. . . that her injuries are much more severe than was known at the time of presenting said claim

to the city council of Tacoma and now appear to be of a permanent character.''

With this allegation the city appeared to be content as to definiteness, and under it there was introduced abundant evidence that the injuries are permanent, and that convincing knowledge in that respect was acquired subsequent to the date of filing the written claim with the city council. Under similar circumstances, this court, in *Pierce v. Spokane,* 59 Wash. 615, 110 Pac. 537, relying upon a number of authorities cited in the opinion, said:

"The single circumstance that the claimant, not fully realizing the extent of her injuries, demands less, or offers to settle for less than, as shown by future developments, she should recover, will not preclude her from maintaining a suit for the damages actually sustained, and subsequently ascertained.''

With respect to other assignments of error, it may be stated generally that the evidence was sufficient, in our opinion, to submit to the jury under proper instructions, as was done in this case, the question of the duty of the city to keep its sidewalks in a reasonably safe condition for the ordinary public use, as well as the question of constructive notice to the city of the condition of the sidewalk at the place of the accident. *Colquhon v. Hoquiam,* 120 Wash. 391, 207 Pac. 664, and cases cited.

Contention is further made under the assignments that appellant's motion for a nonsuit, as well as its motion for judgment notwithstanding the verdict, should have been granted because of contributory negligence on the part of Mrs. Smith which, it is claimed, barred any right of recovery, and that it should have been so declared as a matter of law. This argument rests upon the proof that Mrs. Smith was familiar with the sidewalk, had just used it going to the store

from which she was returning when she fell upon the sidewalk, and that the accident occurred in daylight. Counsel for the city cite some cases from other states that appear to support its contention, but, if so, they are at variance with our cases and what we think to be the better rule; and, hence, we decline to follow those cases. In *Stock v. Tacoma*, 53 Wash. 226, 101 Pac. 830, this court said:

"In the early case of *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799, a case in its facts most like this one, this court said:

" 'The mere fact that the appellant was aware of the defective condition of the sidewalk when the accident occurred is not *per se* conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence. . . . All that the law required was the exercise of such care and caution as a person of ordinary prudence would use under similar circumstances.'

"This rule has been adhered to in the following cases: *Smith v. Spokane*, 16 Wash. 403, 47 Pac. 888; *Reed v. Spokane*, 21 Wash. 218, 57 Pac. 803; *Cowie v. Seattle*, 22 Wash. 659, 62 Pac. 121; *McLeod v. Spokane*, 26 Wash. 346, 67 Pac. 74; *Mischke v. Seattle*, 26 Wash. 616, 67 Pac. 357; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Benson v. Hamilton*, 34 Wash. 201, 75 Pac. 805; *Perry v. Centralia*, 50 Wash. 670, 97 Pac. 802."

Later cases to the same effect are *Fisher v. Anacortes*, 109 Wash. 191, 186 Pac. 271; *Clausing v. Kershaw*, 129 Wash. 67, 224 Pac. 573; *Glasgo v. Spokane*, 139 Wash. 75, 245 Pac. 406.

In *Colquhon v. Hoquiam*, 120 Wash. 391, 207 Pac. 664, in discussing the question of a nonsuit asked on the ground that the woman injured was guilty of contributory negligence, the court laid down the rule which we think governs in the present case, as follows:

"The appellant claims that this situation was open and apparent, and that the duty was upon one making

use of the walk to exercise a greater degree of care than when using an ordinary sidewalk. The testimony, it is claimed, shows that Mrs. Colquhon used no greater caution than she would have upon an ordinary walk; that she was using it in the daylight, and that her conduct was such that it would not have been indulged in by an ordinary person under the same circumstances. It further shows that she was familiar with the condition of the walk, and had used it on prior occasions. Reference is made to the rule in *Shannon v. Tacoma,* 41 Wash. 220, 83 Pac. 186, that a pedestrian cannot make use of a way which he knows to be dangerous, or use the way which one, exercising the degree of care commensurate with the danger, would not have used. The situation being such, it was a question for the jury to determine whether, under these facts and conditions, Mrs. Colquhon used reasonable care for her safety. *Rowe v. Ballard,* 19 Wash. 1, 52 Pac. 321; *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743; *McClammy v. Spokane,* 36 Wash. 339, 78 Pac. 912; *Cady v. Seattle,* 42 Wash. 402, 85 Pac. 19; *Stock v. Tacoma,* 53 Wash. 226, 101 Pac. 830; and *Lautenschlager v. Seattle,* 77 Wash. 12, 137 Pac. 323.''

Affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.