148 SMITH STREET REALTY CORPORATION, Plaintiff, *v.* THE CITY OF NEW YORK and ROSENTHAL ENGINEERING CONTRACTING Co., INC., Defendants.*

Supreme Court, New York County, October 24, 1935.

* Affd., without opinion, 248 App. Div. 583.

*Finkelstein & Finkelstein* [*Frank Aranow* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*Charles Blandy, Guernsey Price* and *John W. MacLeod* of counsel], for the defendant The City of New York.

*A. S. Arnold,* for the defendant Rosenthal Engineering Contracting Co., Inc.

BLACK, J. Plaintiff brings this action to recover damages in the sum of $4,500. It is claimed that the defendants were guilty of negligence and carelessness in the construction of the subway along Smith street in the borough of Brooklyn, and in front of the premises No. 148, owned by the plaintiff, and that by reason of their conduct the building settled and the walls became broken, bulged and out of plumb. The proof of such damages was presented upon the trial of the action. It also appears that the notice of claim was filed with the comptroller on or about the 17th day of October, 1934. It was also claimed on the trial that there was a loss of rentals and depreciation in the value of the building. Previous to the trial of the action the plaintiff gave notice that on the trial leave to amend the complaint would be sought, whereby the amount of damages would be increased to $15,000. The amendment is sought pursuant to section 105 of the Civil Practice Act. Section 261 of the Greater New York Charter requires a claim to be filed

with the comptroller and it is provided in the section referred to that the action shall be commenced within one year after the cause of action shall have accrued, and, further, that " a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof, shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued."

The corporation counsel questions the jurisdiction of this court to allow an amendment increasing the amount of the damage.

In the case of *Reed* v. *Mayor* (97 N. Y. 620), quoted by the plaintiff, the action was one for unliquidated damages and the court held that it was not beyond its powers to allow the amendment. In such a case the court exercised a discretion. I do not think the court has such a discretion in a case like the present one. But if it had such discretion there is nothing in the facts here that would authorize the amendment requested, because there appears no reason why the facts as to the amount of damages were not just as available to plaintiff at the time he filed his claim as they were at the date of the trial.

In these days of loose construction of statutes, laws and decisions, the court believes that a statute as clear and unambiguous as section 261 of the charter should be strictly construed. Any other way of construing it would simply mean that a claimant might one or more times change the amount of his alleged damage. This might in many cases work a serious detriment to the city.

The language of the charter is as plain as the English language can make it. Both the counsel for the city and for the plaintiff presented the legal contentions and the facts with ability. But some of the witnesses for the defendant (at the period covered by the damages sought) did not testify with definiteness on certain important points vital to a complete defense.

Upon the evidence at the trial and with the aid of the exhibits and the briefs presented by the parties, I have reached the conclusion that the plaintiff is entitled to a verdict for damages to its property caused by the negligence of the defendants, and I, therefore, direct a verdict in favor of the plaintiff against both defendants for the sum of $4,250. Judgment is directed over in favor of the city of New York against the defendant Rosenthal Engineering Contracting Co., Inc., for the sum of $4,250 found in favor of the plaintiff, including costs of the action, to which plaintiff would be entitled.