148 Smith Street Realty Corporation, Respondent, v. The City of New York, and Rosenthal Engineering Contracting Co., Inc., Appellants. Rosie Rabinowitz, Respondent, v. The City of New York and Rosenthal Engineering Contracting Co., Inc., Appellants.— Actions to recover damages to the respective plaintiffs' buildings on Smith street in the borough of Brooklyn, due to the alleged negligence of defendants in the construction of a subway along said street. The court directed a verdict in favor of each plaintiff against both defendants, with judgments over in favor of defendant The City of New York against defendant Rosenthal Engineering Contracting Co., Inc., after trial at Trial Term without a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Untermyer, JJ. [159 Misc. 706.]

United Verde Copper Company, Appellant, v. Irving Trust Company and I. M. C., Inc., Respondents.— Plaintiff was the owner of certain Fund B investment trust certificates issued under an indenture, dated April 15, 1927. Defendant I. M. C., Inc., is the manager of the investment trust, and defendant Irving Trust Company the trustee thereof. The Fund B indenture creating an investment trust, provided for the issuance of certificates representing separate, revocable trusts. To facilitate the management of the separate trusts, the indenture provided that they could be commingled to form a common fund. While plaintiff held its certificates, the United States government threatened to levy taxes directly against the common fund. To prevent the certificate holders from revoking their trusts in an attempt to escape sharing the risk of the threatened tax, the manager set up a reserve in the amount of the threatened tax. Plaintiff revoked its trust while the reserve was in existence. Plaintiff demanded reimbursement in the event that the reserve was not ultimately used to pay the threatened tax. Finally the government withdrew its threat. Plaintiff renewed its demand for reimbursement. Its demand was refused and the entire reserve, including plaintiff's contribution, was canceled and thus automatically credited to the various trusts in existence at the time of the cancellation. Plaintiff brings this action to recover its proportionate share of the contingent tax reserve fund. The court directed a verdict in favor of defendants, after trial at Trial Term, without a jury. Judgment dismissing the complaint on the merits affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Dore, JJ.; Martin, P. J., dissents and votes to reverse.

In the Matter of the Application of The Standard Gas Light Company of the City of New York for a Peremptory Order of Mandamus Directed to Frank J. Taylor, as Comptroller of the City of New York, and William Reid, as Collector of the City of New York. The Standard Gas Light Company of the City of New York, Appellant; Frank J. Taylor, Comptroller of the City of New York, and William Reid, Collector of the City of New York, Respondents.* — Order denying petitioner's motion for a peremptory order of mandamus, directing the city comptroller and the city collector of the city of New York to credit the petitioner with certain sums paid pursuant to Local Law No. 19, 1933, and Local Law No. 10, 1934, against special franchise taxes imposed pursuant to other tax laws, unanimously affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Dore, JJ.

* Affg. 161 Misc. 192.